(No. 13850.—Decree affirmed.)
A. W. BURKE, Appellant, *vs.* ALBERT MIERENFELD *et al.* Appellees.

*Opinion filed October 22, 1921—Rehearing denied Dec. 8, 1921.*

1. SPECIFIC PERFORMANCE—*the court cannot decree specific performance of a contract which the defendant is unable to perform.* Where it is out of the power of a party to a contract to perform his agreement the court cannot decree specific performance, as the decree would be nugatory because of the impossibility of its execution.

2. SAME—*when defendant is unable to perform contract to convey.* One who has merely an equity in residence property under an agreement by which the owner is to convey the same to him and his wife, "as joint tenants," upon the completion of certain monthly payments, cannot be decreed to perform an agreement on his part to convey a good title to the premises, as he could only be required to quit-claim whatever right or interest he had in the premises after he and his wife had received their deed.

APPEAL from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

MICHAEL KOCH, for appellant.

EINAR C. HOWARD, for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

February 15, 1917, Arthur W. Dickinson entered into an agreement to convey by warranty deed to Albert Mierenfeld and Charlotte Mierenfeld, "as joint tenants," a certain residence property in Chicago for the sum of $4300, $300 of which was paid in cash and the balance to be paid

in monthly installments of $35 until there remained but $2200 to be paid, when the purchasers were to receive a warranty deed, subject to a mortgage for that amount. The agreement contained the usual provisions protecting the seller in the event the purchaser failed to comply with the contract, including forfeiture for a failure to make the monthly payments. It also provided that the contract should not be placed on record and that there should be no assignment of the contract without the written consent of the seller. The Mierenfelds occupied the premises until they moved to Detroit, when they leased them to one Schwartz. Schwartz was in possession at the time Albert Mierenfeld received a letter from E. F. Boyle, a real estate agent in Chicago, asking what he would take for his equity in the premises. October 14, 1919, Mierenfeld wrote the following letter to Boyle: "Your special delivery letter received, and in answer to same will say that my place is for sale and has been listed several months with another real estate firm in your neighborhood at $4500, with $1000 down, which price must also stand in quoting to you. * * * I have not given anyone the exclusive right of sale of the property and it is immaterial to me who sells it, considering the commission demanded is just. * * * If this party don't want it at this price you can list it and sell it at the best price you can get for it, but it must not be under $4500 and with less than $1000 down." Boyle submitted the proposition to appellant, A. W. Burke, and he wrote at the bottom of the above letter: "I accept the proposition, price to be $4500, $500 deposit, balance of purchase price on delivery of deed." Boyle immediately sent a telegram to Albert Mierenfeld at Detroit, stating: "Client accepts terms of letter. Wire return acceptance. Contract will follow." Mierenfeld replied to this telegram with a telegram reading: "Accept sale as per letter sent October 14." October 16 a formal written contract upon a printed blank form was prepared by Boyle, signed by appellant and forwarded to Mier-

enfeld at Detroit. October 21 Mierenfeld wrote Boyle, returning the contract unsigned and stating that it was unsatisfactory, because he wanted $1000 cash for his equity. He also suggested that Boyle see Dickinson regarding his written consent to the transfer of the property. Shortly thereafter Mierenfeld came to Chicago and had a talk with Boyle concerning the contract and a talk with Dickinson concerning the trade and then refused to sign the formal contract. He returned to Detroit and October 27 wrote Boyle as follows: "I hereby withdraw my wife's and my property at 5218 Belle Plaine avenue from your hands and cancel any previous requests which I may have made to you to sell or list it for sale before October 27, '19. My affairs hereafter are in the hands of my attorney, * * * and any business you wish to do with me I refer you to him. When I sell the house at an honest price I will be willing to settle with you for $25 (twenty-five dollars) for your trouble in this deal, although your client should really pay you, as you were working for his interest and not ours." October 28, 1919, appellant filed his bill in the superior court of Cook county for specific performance of this contract. William F. Tempel was made a party defendant because Dickinson had conveyed this property and assigned the contract for deed to him as security for a debt. The cause was referred to a master, who took proof and reported his findings. He found, among other things, that there was a binding contract existing between appellant and Albert Mierenfeld and that appellant was entitled to a decree of specific performance. He recommended that a decree be entered providing that appellant should pay into court the balance of the purchase price,—$4000, less $2200, being the amount secured by a trust deed, and that he assume in writing to pay the indebtedness of $2200, and directing that Mierenfeld forthwith execute, acknowledge and deliver to appellant a general warranty deed conveying said premises to appellant subject to the lien of $2200, and

that Tempel execute, acknowledge and deliver to appellant a quit-claim deed releasing to appellant, subject to the indebtedness of $2200 and to all the rights of Charlotte Mierenfeld under the Dickinson-Mierenfeld contract, all his right and interest in said premises, and that the decree should further provide that the deposit made by appellant should be applied first to the payment of any balance due Dickinson and that the remainder should be paid to Albert Mierenfeld. Exceptions filed to the master's report were sustained and a decree was entered dismissing the bill for want of equity. This appeal followed.

In the language of appellant's counsel, appellant by his amended bill asks that "Albert Mierenfeld may be decreed specifically to perform said agreement with appellant and to make a good and sufficient deed of conveyance to appellant of said premises, appellant being ready and willing and offering specifically to perform said agreement on his part, or if the said Albert Mierenfeld is unable to convey a title free from all encumbrances or deficiencies, in accordance with said agreement, then the said Albert Mierenfeld may be decreed specifically to perform said agreement so far as same can be performed, and that the amount or value of any such encumbrances or deficiencies in his said title may be ascertained and that said amount may be deducted from the amount due the said Albert Mierenfeld, and that said William F. Tempel be decreed to convey to appellant the said premises, subject as aforesaid, in place of conveying same to said Albert Mierenfeld, upon payment to him or said defendant, Arthur W. Dickinson, of such amount as the court may find is due said William F. Tempel or said Arthur W. Dickinson, or both of them, and that such amount or amounts be deducted from the amount due said Albert Mierenfeld pursuant to the terms of said agreement, then to pay to the said Albert Mierenfeld the residue of said purchase money, and that thereupon appellant be let into possession of said premises."

The mere statement of the facts in this case and the prayer of appellant's bill show that the court must refuse to decree specific performance and that the chancellor properly dismissed the bill. Albert Mierenfeld could not convey a good title to these premises because he had no such title to convey. When it is out of the power of a party to a contract to perform his agreement, such fact necessarily constitutes a sufficient reason for the court to refuse to decree specific performance, for the reason that the decree would be nugatory because of the impossibility of its execution. *(Saur* v. *Ferris,* 145 Ill. 115; 4 Pomeroy's Eq. Jur.—4th ed.—sec. 1405.) The alternative prayer of appellant's bill cannot be allowed because it would subject Dickinson and Tempel to an action for damages by Charlotte Mierenfeld in case she should demand the execution of the warranty deed in accordance with the terms of the Dickinson-Mierenfeld agreement. The only decree that could be fairly entered would be one directing Tempel to re-convey to Dickinson on payment to Tempel of the indebtedness due him and then requiring Dickinson to convey to Albert Mierenfeld and Charlotte Mierenfeld, "as joint tenants," in accordance with the terms of their agreement, and then requiring Albert Mierenfeld to quit-claim to appellant whatever right or interest he had in said premises upon the payment by appellant to him of one-half of the sum remaining from the $4500 after the encumbrances had been removed. This is not the title for which appellant asks and there is no pretense in the argument of his counsel that he would accept such a title. Appellant must seek his remedy in an action for damages.

The decree of the superior court is affirmed.

*Decree affirmed.*