---

(No. 11184.—Reversed and remanded.)
STEFAN ZAKRZEWSKI *et al.* Appellants, *vs.* WILLIAM
FISHER *et al.* Appellees.

*Opinion filed April 19, 1917—Rehearing denied June 7, 1917.*

SPECIFIC PERFORMANCE—*court of equity will not decree specific performance where contract is uncertain in its terms.* To entitle a party to specific performance of a contract it must be so certain and unambiguous in its terms and in all its parts that the courts can require the specific thing contracted to be done, and if the language employed leaves the intention of the parties in doubt, or if it is uncertain as to what was intended, a court of equity will not decree specific performance.

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

E. M. SEYMOUR, for appellants.

ALVIN E. STEIN, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

Appellants, Stefan Zakrzewski and Theresa Zakrzewski, husband and wife, filed their bill of complaint in the circuit court of Cook county praying that a certain contract between them and Constantine Kairis and Walerya Kairis, his wife, for the exchange of real estate, and certain notes executed in connection with that contract, be declared null and void and be delivered up and canceled. Thereafter an amended bill was filed seeking the same relief and in addition thereto praying that Constantine Kairis be ordered to pay to appellants $600, alleged to be the value of a stock of groceries which he had taken possession of by virtue of the contract of exchange and which he thereafter sold. The amended bill made Constantine Kairis and Walerya Kairis, his wife, William Fisher, Ludwig Stankiewiz, Joseph Raciborski, Michael Nowicki, Theodore Kolski and Frank H. Janiszecki defendants, and charged that the defendants conspired to cheat and defraud appellants out of their property. It charged that the defendants made false representations to appellants with reference to the value of the Kairis property and of the rents received therefrom, and caused appellant Stefan Zakrzewski to become drunk and to execute the contract and notes while in an intoxicated condition and to persuade his wife to sign the same while he was in that condition. The defendants answered the amended bill, denying the conspiracy and the charges of false representations and drunkenness and setting out their version of the transaction. The defendants Constantine Kairis and Walerya Kairis also filed a cross-bill for the specific performance of the contract,

to which appellants filed an answer. Replications were filed, and the cause was referred to a master to take the evidence and report the same to the court, together with his conclusions as to the law and facts. The master reported, finding the issues in favor of the defendants to the original bill and in favor of the complainants in the cross-bill and recommending that a decree be entered in accordance with the prayer of the cross-bill. The findings of the master were approved by the chancellor, and a decree was entered in accordance with the recommendations of the master. From that decree Stefan Zakrzewski and Theresa Zakrzewski have prosecuted this appeal.

Appellants urge numerous grounds for reversal of the decree. In the view we take, one of the grounds urged is decisive of the issues raised by the amended bill and cross-bill, and we consider that question alone.

It is contended that the contract in question cannot be specifically enforced, and that it should be delivered up and canceled because it is ambiguous, uncertain and not sufficiently clear in its terms. By the terms of the contract the appellants agreed to convey to Constantine Kairis property owned by them at 1012 North Marshfield avenue, in the city of Chicago, including fixtures and stock of goods contained in a grocery store in the building on the premises, subject to incumbrances aggregating $6000. Appellees Constantine and Walerya Kairis agreed to convey to Stefan Zakrzewski property owned by them located at 2508 Augusta street, in the city of Chicago, subject to a mortgage for $2000. The contract recites that it was agreed that the property owned by appellants was of the value of $10,000 and the value of the property owned by Kairis was $7500. The contract then provided as follows, Stefan Zakrzewski being referred to as the party of the first part and Constantine Kairis being referred to as the party of the second part:

"It is understood that the difference of equities is $1500. This shall be paid by party of first part in 11 notes of -30

each and balance -1170 due when first mortgage on Augusta Str. property shall for which second party shall execute notes and trust deed on Augusta St. property, at 6 per payable monthly. Second party deposits his note for $600 as security for the immediate possession of store. All notes to be canceled upon consummation of deal."

It then provided for the payment of $150 by Stefan Zakrzewski and $125 by Constantine Kairis to the real estate brokers who negotiated the trade, and that each of the parties should deposit a judgment note for $500 to insure the performance of the contract on his part.

The rule is that to entitle a party to the specific performance of a contract it must be so certain and unambiguous in its terms and in all its parts that the courts can require the specific thing contracted to be done. If the language employed leaves the intention of the parties in doubt, or if it is uncertain as to what was intended, a court of equity will not decree specific performance. (*Chicago and Western Indiana Railroad Co.* v. *Illinois Central Railroad Co.* 113 Ill. 156; *Hamilton* v. *Harvey*, 121 id. 469; *Koch* v. *National Union Building Ass'n*, 137 id. 497; *Tryce* v. *Dittus*, 199 id. 189; *Schenck* v. *Ballou*, 253 id. 415.) The paragraph of the contract above set out is so uncertain and ambiguous that it is impossible to determine what was intended or contracted to be done. It is clear enough that it was agreed that the difference in the equities in the two properties was $1500, which should be paid by Zakrzewski to Kairis. When or how this payment is to be made it is impossible to determine. How Kairis could secure the notes given by Zakrzewski to him by executing a trust deed upon the Augusta street property after he had conveyed it to Zakrzewski does not appear. This paragraph also provides that all notes are to be canceled upon the consummation of the contract. Whether this referred only to the $600 note given as security for the immediate possession of the grocery stock and the $500 forfeit notes executed by each party

can be determined only by conjecture. This provision of the contract is in reference to an essential part of the agreement entered into and is so uncertain and unintelligible as to be incapable of being enforced.

The real estate brokers who negotiated the trade were made parties to the bill, but the question of the liability of Zakrzewski and Kairis to them for the commissions agreed to be paid by the contract is not involved and is not determined.

Upon the execution of the contract Zakrzewski moved into a flat in the building on the property at 2508 Augusta street and Kairis took possession of the property at 1012 North Marshfield avenue. Immediately after Zakrzewski had moved into the flat in the Augusta street premises he claimed to have discovered that misrepresentations had been made to him, and he at once removed to the Marshfield avenue premises and has occupied a portion of those premises since that time. Zakrzewski executed and delivered to Kairis a bill of sale for the stock of groceries as provided for by contract and Kairis took possession of the grocery store in the Marshfield avenue premises. Shortly thereafter Kairis sold the stock of groceries for $400. The $600 note given by Kairis to Zakrzewski was to indemnify Zakrzewski for the value of the grocery store until the contract had been fully performed.

The decree of the circuit court is reversed and the cause is remanded, with directions to dismiss the cross-bill for want of equity, to declare the contract void, and order the same, together with the notes exchanged between the parties to the contract, to be delivered up and canceled, as prayed for in the amended bill, and to determine the amount due Stefan Zakrzewski from Constantine Kairis for the stock of groceries.

*Reversed and remanded, with directions.*