(No. 17655.—Decree affirmed.)
HERMAN KLEIN, Appellant, *vs.* HOWARD E. HODGDON *et al.*
Appellees.

*Opinion filed October 28, 1926—Rehearing denied Dec. 15, 1926.*

1. SPECIFIC PERFORMANCE—*equity will not decree performance
of contract which is uncertain.* To entitle one to specific perform-
ance of a contract the instrument must be certain and unambiguous
in all its terms and all its parts so that the court may require the
doing of the specific thing contracted for, and where, from the
language employed, doubt appears as to the intention of the par-
ties, equity will not decree specific performance.

2. SAME—*when equity will not decree performance of contract
for conveyance.* Where a contract for conveyance is uncertain
in that the names of the party or parties who are to make the
conveyance are not inserted in the contract, a bill seeking to com-
pel performance on the part of parties signing the contract, and
which does not seek a reformation but prays enforcement of the
agreement as it stands, must be dismissed for want of equity.

APPEAL from the Superior Court of Cook county; the
Hon. OSCAR HEBEL, Judge, presiding.

NATHAN SHEFNER, (MORRIS K. LEVINSON, of counsel,) for appellant.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

The appellant sought a decree in the superior court of Cook county for specific performance on the part of the appellees of a contract for the sale of certain property in West Pullman, Chicago. It is alleged in the bill that the appellees agreed to sell the property for the sum of $1600, $100 when the contract was executed, $900 upon delivery of a warranty deed in accordance with the contract, and the balance of $600 to be secured by a mortgage on the property, due on or before two years, the appellees to furnish an abstract showing good and merchantable title or a title guaranty policy. The bill alleges that on September 26, 1925, the appellant tendered the sum of $1000 in cash to both of the appellees and tendered a note for $600 and a trust deed for the balance and demanded a warranty deed to the premises but that the appellees refused to deliver a deed.

The contract was on a printed form for the sale of real estate, and reads, in part, as follows:

"This memorandum witnesseth that Herman Klein hereby agree... to purchase at the price of $1600 the following described real estate, situated in Cook county, in the State of Illinois, [describing the property,] and .......... agree to sell said premises at said price and to convey to said purchaser a good and merchantable title thereto by ....... warranty deed, with release of dower and homestead rights."

It will be noted that the names of the grantors were not supplied in this contract. In the balance of the form some of the blanks were filled and some were not. The names of appellees appear only in the following sentence: "This contract and the said earnest money shall be held by H. E. Hodgdon for the mutual benefit of the parties concerned." The paper was signed by H. E. Hodgdon, Julia Hodgdon and Herman Klein. It bore no date. It

appears that as a payment for the $100 referred to, Klein executed a check for that amount dated two weeks ahead and endorsed on the back thereof the following: "Deposit on property No. 12627. If clear title cannot be delivered, to be returned to H. Klein." Hodgdon testified he was unable to cash the check because of the endorsement; that after attempting to do so he called up the appellant and told him he would have nothing further to do with him. Later, the appellant sent Hodgdon a check for $100, with a letter stating the check was in place of the one he had given him. This check had no endorsements. The letter and check were returned to the appellant by registered mail. This was later followed by the tender of $1000 in cash and trust deed and note, as hereinbefore referred to.

It is admitted no tender was made to Mrs. Hodgdon and that she did not see the appellant after April 24, 1925. In order to entitle one to specific performance of a contract the same must be certain and unambiguous in all its terms and all its parts, so that the court may require the doing of the specific thing contracted for. If, from the language employed, doubt appears as to the intention of the parties, or if the contract is uncertain as to what was intended, a court of equity will not decree specific performance. (*Zakrzewski* v. *Fisher,* 278 Ill. 557; *Schenck* v. *Ballou,* 253 id. 415; *Tryce* v. *Dittus,* 199 id. 189; Story's Eq. sec. 767.) The instrument referred to calls for a warranty deed on the part of someone whose name is not inserted in the instrument, and there is nothing in it to show that the appellees were to sign a deed. Courts of equity are not permitted, under a bill for specific performance, to reform a contract. This bill does not seek a reformation of the contract but prays enforcement of it in its present form. It cannot, therefore, be made the subject of a decree for specific performance, and the superior court did not err in dismissing the bill for want of equity.

The decree will be affirmed.

*Decree affirmed.*