Henry Westphal, Appellant, *vs.* Emil Buenger *et al.* Appellees.

*Opinion filed December 23, 1926.*

1. Specific performance—*a written contract, to be specifically enforced, must be clear and certain in its terms.* A written contract is one which is all in writing so that its terms and provisions can be ascertained from the instrument itself, and an agreement in writing which does not purport to give an absolute right without further negotiations thereon cannot be specifically enforced, as a party is not entitled to specific performance unless the contract is clear and certain in its terms and can be admitted or proved with a reasonable degree of certainty.

2. Same—*when purchaser is not entitled to specific performance of contract for conveyance because of uncertainty in terms.* Where a contract for a conveyance provides that mortgages be given for the greater part of the purchase price but is uncertain in its terms with reference to the due dates and terms of the mortgages the purchaser will not be entitled to specific performance notwithstanding he offers to pay the entire purchase price in cash, as the contract provides for the taking of mortgages and the court will not make a new contract for the parties even though a cash payment may be considered more beneficial to the vendor.

Appeal from the Circuit Court of Cook county; the Hon. Ira Ryner, Judge, presiding.

MURPHY & ALTENBURG, and ROBERT G. PHELPS, for appellant.

LITSINGER, HEALY & REID, for appellees.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Appellant filed a bill in the circuit court of Cook county seeking specific performance of a contract for the purchase of real estate. Appellees filed a general demurrer to the bill, the same was sustained and an amendment to the bill was filed. To the bill as amended appellees again demurred, and, on the demurrer being sustained, appellant abided his bill and the same was dismissed for want of equity. He brings the case here on appeal.

The contract provided that appellant was to purchase and appellees were to sell certain real estate described, in Cook county, for the sum of $16,500, appellees to give a good and merchantable title by warranty deed, but subject to taxes, party-wall agreements, etc. The contract further provided that the deed was "also subject to any party-wall agreements of record, to building line restrictions and to building restrictions of record, and to assume a mortgage of $7000, due from date of deed." The contract recited that the purchaser had paid $500 as earnest money, and "agrees to pay, within five days after the title has been examined and found good or accepted by him, said insurance premium and the further sum of $3500, * * * the balance to be paid as follows: Assume a junior mortgage of $5500, payable at $50 per month, with interest at six per cent, all items prorated to date of deed, with interest from the date hereof at the rate of ...... per cent per annum, payable semi-annually, to be secured by purchaser's notes and mortgage or trust deed of even date herewith on said premises, in the form known as the Chicago Real Estate Board form for improved property." The contract also provided for a

certificate of title to be issued by the register of titles of Cook county or a complete merchantable abstract of title, and contained further terms usually found in forms of agreements for sale of real estate but which are of no material interest here.

The question in dispute is whether the contract is sufficiently definite to constitute the basis of a decree for specific performance. The bill as finally amended avers that the contract is to be construed as providing that within five days after the title had been found good appellant was to pay $16,000, but after appellees had either secured a first mortgage on said real estate for $7000 and a junior mortgage thereon for $5500, payable $50 per month, at six per cent, or the $16,000 was to be paid within such time as appellant might, with the co-operation of appellees, procure two mortgages, one for $7000 and one for $5500, the lien of which appellant should assume and agree to pay. By the averments of the bill it appears that appellant contends, either that appellees were to procure these mortgage loans, which were to be assumed by appellant, or to aid him in so procuring them. The language of the contract does not justify such a construction. While such may have been the intention of the parties it does not appear from the contract. A written contract is one which is all in writing, so that its terms and provisions can be ascertained from the instrument itself. (*Gronowski* v. *Jozefowicz,* 291 Ill. 266.) To entitle a party to specific performance the contract must be clear and certain in its terms and be admitted or proved with a reasonable degree of certainty. (*Carson* v. *Davis,* 171 Ill. 497; *Koch* v. *National Union Building Ass'n,* 137 id. 497.) An agreement in writing which does not purport to give an absolute right without further negotiations thereon cannot be specifically enforced. Appellant contends that he is now ready and willing to pay the entire $16,000, but such is not of the terms of the contract. There were to be mortgages, and while it might be

generally considered more acceptable to have the actual cash than mortgages, the court will not make a new contract for the parties because it appears that conditions claimed by one party but not in the contract might prove more beneficial to the other party. A contract that mortgages be given is a legal contract if it is definite in its terms. The terms of this contract are indefinite and uncertain as to the date of maturity of the notes and trust deed referred to. If it is to be construed as claimed by appellant, that appellees are to procure two mortgage loans and pay themselves out of such loans, which mortgages were to be assumed by appellant, appellees certainly had a right to have a very specific contract with reference to the terms and due dates of such mortgages. The purchase price of the property was $16,500. The mortgages which were mentioned in the contract amount to $12,500. It will readily be seen that a foreclosure of such mortgages might result in a deficiency decree against appellees as mortgagors, and if that be the proper construction of the contract they were entitled to have it specific and definite as to the mortgages to be given. If the alternative position taken by appellant be correct,—*i. e.,* that appellees were to assist appellant in procuring such mortgages,—the bill is insufficient in that it does not charge that they have declined to so assist him. It certainly could not be said that appellant is entitled to a decree requiring appellees to convey the property to him under that construction of the contract until such mortgages were entered into, and appellant does not aver that he, with appellees' assistance, might have procured such mortgage loans.

The contract is clearly insufficient to justify a decree for specific performance, and the chancellor was right in so holding.

The decree dismissing the bill for want of equity will be affirmed.

*Decree affirmed.*