(No. 29573.—)

MARY KOZŁOWSKI, Appellee, *vs.* CARL MUSSAY *et al.,*
Appellants.

*Opinion filed Sept. 18, 1946—Rehearing denied November 14, 1946.*

EDWARD H. S. MARTIN, of Chicago, for appellants.

WACHOWSKI & LYK, (CASIMIR R. WACHOWSKI, of counsel,) both of Chicago, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This is an appeal from a decree which was entered in the superior court of Cook county in an action for specific performance of a contract for the conveyance of real estate in accordance with its terms.

The facts are as follows: On July 6, 1935, appellee, Mary Kozlowski, plaintiff below, entered into a written agreement with her daughter and son-in-law, Carl Mussay and Elizabeth Mussay, appellants, defendants below, which was in the nature of an option to repurchase the property after transfer from plaintiff to defendants. The agreement provided that plaintiff transfer the property by warranty deed in consideration of $10 and other good and valuable consideration. The defendants agreed to perform certain conditions as provided in the agreement, and to convey by warranty deed to the plaintiff, the described real estate, on demand, during her natural life, on payment to the defendants of certain amounts of money which they had obligated themselves to pay under the terms of the agreement. The defendants, by the terms of the instrument, agreed to release a second mortgage in the amount of $2500, outstanding against the property so deeded to them and to pay certain indebtedness standing against said property as a first mortgage. They agreed to collect the rents from the premises and use the same for the purpose of paying insurance, taxes and the cost of any reasonable repairs which might, from time to time, become necessary.

They further agreed to provide the plaintiff with her board and room during her life, as well as a reasonable and necessary amount of clothing, in accordance with the standard of living of the parties. The contract also contained a clause whereby defendants agreed to convey, by warranty deed to the plaintiff, "personally, but not to her heirs or administrators," the said real estate at any time plaintiff might make demand for same during her life, after payments to the defendants of the amounts of money which they had agreed to pay in taking care of existing mortgages on said premises and, in addition, amounts paid thereon for the upkeep of the property.

No evidence was heard, but by the pleadings it was agreed that defendants did not provide plaintiff with room and board or with clothing, and that she continued in possession of the property and collected rents therefrom. The parties agreed in open court that all matters involved in said cause pertained to matters of accounting, only, except the question of whether or not the plaintiff, under a proper construction of the contract, would be entitled, upon performing conditions in said contract mentioned, to a deed of conveyance of a fee-simple title to the real estate therein described and not merely a life estate; and that said excepted question might be determined as a matter of law on the face of the pleadings in said cause.

By agreement of the parties the said cause was set down for a hearing and for the entry of a final decree which should reserve all questions of accounting to be thereafter determined on reference to a master in chancery. Under this order the cause was heard by the court and a decree entered on January 10, 1946, which recites that if plaintiff shall, within the time thereinafter specified, perform conditions in said contract mentioned and pay defendants money, if any, which they may be entitled to receive under the terms of the contract, said defendants shall convey said real estate to plaintiff by warranty deed conveying a

fee-simple estate. The order further provides that in case of their failure so to do, same shall be executed, acknowledged and delivered for them and in their names, by the master in chancery to whom the cause was referred for taking an accounting. The decree also recites that it finds said written contract provides for conveyance, upon the conditions above mentioned, of a fee-simple estate.

Appellants assign as errors: (1) That the superior court erred in overruling defendants' motion to dismiss; (2) that the court erred in its construction of the contract involved; and, (3) that the court erred in entering a decree for conveyance of a fee-simple estate.

The assigned errors, in the main, are to be determined by the proper construction of that part of the agreement designated as A5, which is as follows:

"A5. To convey by warranty deed to said option purchaser personally, but not to her heirs or administrators, above described real estate at any time she may demand during her natural life if and when said option purchaser shall pay sellers the amounts and perform the conditions as follows: B1. To pay sellers $2500 indebtedness owing from option purchaser to sellers, secured by second mortgage dated June 6, 1932, which sellers hereinabove agreed to release as one condition of obtaining warranty deed from option purchaser. B2. To pay first mortgage now outstanding against the property hereinabove undertaken by sellers to pay. B3. To pay amount expended by sellers for insurance, repair and taxes from date until option purchaser demands and obtains warranty deed to re-transfer said property. B4. Less amount which sellers shall collect from rent and income from date until option purchaser demands and obtains warranty deed and to re-transfer said property."

To be specific, the principal question is the proper construction with respect to whether a fee simple or merely a life estate is to be conveyed under the above clause of the contract specifying that defendants agree "to convey by warranty deed" to plaintiff "personally, but not to her heirs or administrators" said real estate "at any time she may demand during her natural life."

Appellants contend that words of inheritance were not used but, in fact, were expressly excluded as the contract was for conveyance to plaintiff "personally, but not to her heirs, at any time during her natural life," and that in order to find a fee-simple estate ·is to be conveyed, it would be necessary to reject these words as meaningless.

Appellants further contend that, even if it should be determined that there is some doubt as to whether a life estate or a fee-simple estate was intended by the contract, such doubt is enough to make the decree reversible error, as appellee has not established clearly and without ambiguity her right to a conveyance of the estate which the decree awarded her, all of which is required as a basis of specific performance.

Appellants, in their argument, first contend the words used in the agreement, "personally, but not to her heirs or administrators," limited the estate granted. We do not believe this is the reasonable construction to be placed on this agreement in view of the language used, which indicates the clear intent of the grantor. It is provided by the agreement of the parties that the conditions enumerated in the agreement are a part of the consideration of the warranty deed in which the option purchaser is the grantor and they, the sellers, are the grantees, and that the said conditions are the essence of said consideration; and in case the said sellers should refuse to perform any of the conditions set forth, said warranty deed should become null and void. It is also agreed that the sellers shall execute a good and sufficient warranty deed to the said option purchaser.

One of the specific provisions of the instrument is that the appellants agree to convey, by warranty deed, the real estate at any time appellee may make demand during her natural life. This court has held, in construing a deed, the rule is that the nature and extent of the estate granted is to be determined, as a matter of law, from the instru-

ment itself, and the intention of the grantor must be ascertained from the language used within the four corners of the instrument. (*Woods* v. *Seymour,* 350 Ill. 493; *Harder* v. *Matthews,* 309 Ill. 548.) Using this rule as a guide, we find that the grantor clearly intended to convey, by warranty deed, the real property in question and to have said property reconveyed on demand, by warranty deed. Certainly, this could not refer to other than the fee-simple title. The statute makes provision for the conveyance of land and the substantial form in which the conveyance shall be made. (Ill. Rev. Stat. 1945, chap. 30, par. 8.) The demand here is for a warranty deed to appellee personally, and under the statute this would constitute a fee-simple title, as words of inheritance are not necessary. The requiring of a warranty deed on demand to appellee personally would hardly be consistent with any contention that it was the intent, or that the language was intended, as used, to limit the estate granted and to be reconveyed. The added words, "but not to her heirs or administrators," could hardly place any limitation thereon in view of the express terms of the agreement, and, this being so, the only reasonable interpretation to be placed on the terms of the agreement is that while the appellants were required to reconvey by warranty deed to the appellee, they were not required after her death, under the terms of the contract, to deed the property to her heirs or administrators.

Appellants further contend that, if there is some doubt as to whether a life estate or a fee-simple estate was intended by the contract, this does not establish clearly and without ambiguity the right to a conveyance, all of which is required as a basis for a decree of specific performance. In support of this proposition, the cases of *Olson* v. *Forsberg,* 332 Ill. 266, *Klein* v. *Hodgdon,* 323 Ill. 440, and *Carson* v. *Davis,* 171 Ill. 497, are cited. There can be no doubt that this is a correct proposition of law as announced in those cases. However, we do not see how it can rea-

sonably be said there could be such uncertainty in the language as used in this instrument or that the language was so inexact, indefinite or obscure that it fails to express the intention of the parties with sufficient clearness to enable the court to enforce its provisions. We find from the contract that it was agreed on the part of the defendants to execute a good and sufficient warranty deed to the said appellee after the said appellee complied with the conditions as set out in the contract. This agreement for a warranty deed is mentioned in at least four places in the contract and in view of our construction of the contract heretofore pointed out, the decree for specific performance is warranted. The decree is, therefore, affirmed.

*Decree affirmed.*