(No. 33725.—

FRANK E. SWEETING *et al.,* Appellees, *vs.* RUTH CAMPBELL *et al.*—(RUTH CAMPBELL, Appellant.)

*Opinion filed January 19, 1956—Rehearing denied March 19, 1956.*

BERRY & O'CONOR, of Streator, for appellant.

WILLIAM ZWANZIG, of Ottawa, trustee, ERNEST A. POOL, guardian *ad litem,* and COSTIGAN, WOLLRAB & YODER, of Bloomington, for appellees Lelia S. Adams *et al.,* and CHESTER THOMSON and JOSEPH A. DEPEW, both of Bloomington, for appellee Ruth T. Sweeting.

Mr. JUSTICE DAVIS delivered the opinion of the court:

This is an appeal from a decree of the circuit court of La Salle County, dismissing the amended complaint to quiet title of plaintiff Ruth T. Sweeting, and dismissing the cross complaint of Ruth Campbell, defendant and cross plaintiff, for specific performance of a real-estate contract, and granting certain relief prayed for by defendants and cross plaintiffs Lelia S. Adams *et al.* The case was before this court on a prior appeal and the essential facts are stated in our decision whereby the cause was reversed and remanded with directions. *Sweeting* v. *Campbell,* 2 Ill. 2d 491.

After the remandment and redocketing of the cause, the circuit court permitted amendments to the pleadings. Lelia S. Adams *et al.* amended their answer and cross complaint by alleging that the original contract between the Sweetings and Ruth Campbell, "is null, void and incomplete and unenforceable in law or equity because it does not clearly and definitely provide the terms, maturities or the material conditions of a complete real estate sale and is therefore not enforceable." The answer of Ruth Campbell was also amended by denying that the contract is in any way in-

definite or uncertain. The answer of Ruth T. Sweeting to the cross complaint of Ruth Campbell, alleging that "the contracts are valid and binding" between the parties, denied those allegations and stated that she and her husband had the power to execute such contracts so far as the trust instrument was concerned. In the pleadings as amended, Ruth Campbell, the purchaser, contended that the contract of sale was a valid and binding contract, and the seller and beneficiaries of the trust took the position that the contract was unenforceable because not sufficiently definite and certain in material matters. The parties maintain the same position in their briefs and arguments presented on this appeal.

After remandment further evidence was presented by all of the parties and reported by the master to the court. The court found in substance that the original contract of sale was void and unenforceable because it was uncertain and incomplete in material elements and that the trust of May 7, 1949, was valid, vesting title in Ruth T. Sweeting, as trustee, for purposes only of carrying out its provisions, which prevented her from entering into a valid contract of sale with the defendant Ruth Campbell; that said defendant was not entitled to specific performance of the real-estate contract but was entitled under a supplemental contract to cancellation of the original contract because of inability on the part of the vendor to give title.

Specific performance is not a matter of right, even where the contract is clear and unambiguous, but the remedy in each instance rests in the sound discretion of the court to be determined from all facts and circumstances. (*Neuberg* v. *Clute,* 6 Ill. 2d 58; *Holsz* v. *Stephen,* 362 Ill. 527; *Tryce* v. *Dittus,* 199 Ill. 189.) Such discretion, however, must not be arbitrary or capricious, and should be exercised after consideration of all circumstances of the case with the view of serving justice. *Smith* v. *Farmers'*

*State Bank,* 390 Ill. 374; *Bennett* v. *Burkhalter,* 257 Ill. 572; 49 Am. Jur. 13.

An examination of the provisions of the original contract reveals that only $500 is to be paid in cash. The entire balance of $69,500 is to be financed by obtaining a first mortgage for $39,500 and the giving of a second mortgage in the nature of a trust deed for $30,000 in favor of the seller. The contract does not specify a maturity date of either the first or the second mortgage. It provides only that the note secured by the second mortgage shall be due and payable on or before one year prior to the maturity date of the indebtedness secured by the first mortgage. The plaintiff and the defendants Lelia S. Adams *et al.* contend that the failure of the contract to provide for the maturity dates of the mortgages renders it void and unenforceable in equity. Cross plaintiff Ruth Campbell contends that this court disposed of that question adversely to said parties in its prior opinion.

The rule of law, pertaining to the certainty required in contracts where specific performance is sought, is well stated in 49 Am. Jur., pages 45 and 46: "The rules requiring certainty in a contract, in order to obtain relief by way of specific performance, are fully applicable where one seeks a decree of specific performance of a contract for the sale of land containing uncertain or indefinite provisions relating to a mortgage or note to be given as part of the transaction. Specific performance of a contract for the sale of real property will be refused when the provisions relating to the terms of a mortgage to be given in connection with the transaction are so uncertain or equivocal in their meaning that the intention of the parties in regard thereto cannot be determined. Failure to specify the amount of the mortgage has been held to render the contract too indefinite for specific performance, and in some cases the indefiniteness of the time for which the mortgage is to run

has likewise rendered the contract unenforceable." This court has held that where the amounts or maturities of the mortgages in such cases are uncertain or left to the future determination of the parties themselves, specific performance will be denied. (*Daytona Gables Development Co.* v. *Glen Flora Investment Co.* 345 Ill. 371; *Sluka* v. *Bielicki*, 335 Ill. 202; *London* v. *Doering*, 325 Ill. 589; *Westphal* v. *Buenger*, 324 Ill. 77; *Zakrzewski* v. *Fisher*, 278 Ill. 557.) This is true even though the party in question is prepared to make payment in cash, as the court will not make a new contract for the parties. (*Westphal* v. *Buenger*, 324 Ill. 77.) The contract must be enforced according to its terms or not at all. A court has no authority to compel a party to do something different from what he has agreed to do in his contract. *Olson* v. *Forsberg*, 332 Ill. 266; *Westphal* v. *Buenger*, 324 Ill. 77.

We are aware of decisions in other jurisdictions, and particularly in the courts of New Jersey, which hold that where a mortgage is to be given as part of the purchase price and the maturity date is not specified, it will be presumed to be payable on demand and specific performance will be decreed. (Annotation: 37 A.L.R. 365.) These cases represent a minority view, and the terms of the contract here involved repel such a conclusion since it is not logical to presume that both mortgages shall be payable on demand when the contract clearly states that one shall be due on or before one year prior to the other. The language of this court in *Daytona Gables Co.* v. *Glen Flora Co.* 345 Ill. 371, at page 399, pertinently applies to this case: "Though a contract in writing to convey real estate may clearly and definitely describe the property agreed to be conveyed, it cannot be specifically enforced if it does not give an absolute right to a conveyance without further negotiation thereon. In case of the failure of the contract to provide for the dates of maturity and the terms of the mortgages required to be given by the purchaser he will

not be entitled to a specific performance though he offer to pay the entire purchase price in cash, as the contract provides for the taking of mortgages, and the court will not make a new contract for the parties though a cash payment may be considered more beneficial to the vendor."

Cross plaintiff Ruth Campbell has contended that this issue was disposed of upon the prior hearing before this court. In discussing this point in our prior opinion we said: "Since neither party to the contract regarded this omission as an impediment to its performance, we believe that it was not such an objection as should have been raised by the court of its own volition." (*Sweeting* v. *Campbell*, 2 Ill. 2d 491, 499.) Now, however, the question has been squarely raised by the pleadings of the parties and the issue was decided by the trial court upon the pleadings and the evidence produced. Upon this appeal, plaintiff Ruth T. Sweeting, the surviving seller, takes the position that the contract is void and unenforceable because of the material omissions. It can no longer be said that the parties to the contract did not regard the omission as an impediment to its performance.

We have considered the incompleteness and uncertainty of the contract sought to be specifically enforced, as well as other points raised by the pleadings and argued before us. Under the evidence in this case, we feel that the lower court in the exercise of sound legal discretion, was justified in denying specific performance of the contract.

Since we are of the opinion that the trial court properly denied specific performance for the reasons given, it is unnecessary to consider the questions raised pertaining to the validity of the trust. As between Ruth T. Sweeting and Lelia S. Adams *et al.,* their rights under the trust were settled by a decree of the circuit court of McLean County and that decree is now final. (*Sweeting* v. *Campbell*, 2 Ill. 2d 491, 498.) Cross plaintiff Ruth Campbell has no interest in the trust property except as may arise under the real-

60

estate contract in question. A denial of specific performance to Ruth Campbell disposes of her interest in the cause and concludes this litigation since she was the only party appealing from the decree entered by the trial court.

The decree of the circuit court of La Salle County is affirmed.

*Decree affirmed.*