(No. 34873.—

WILLIAM J. CEFALU, Appellee, *vs.* JOSEPH BREZNIK, Appellant.

*Opinion filed November 26, 1958.*

John A. Sullivan, of Chicago, (Gerald M. Chapman, of counsel,) for appellant.

Eardley & Ward, of Chicago, for appellee.

Mr. Justice Klingbiel delivered the opinion of the court:

William J. Cefalu brought suit in the superior court of Cook County against Joseph Breznik for specific performance of an alleged contract to convey real estate. A motion to strike the amended complaint and dismiss the suit was denied, the defendant elected to stand upon his motion, and a decree was entered directing conveyance of the real estate. Defendant appeals.

The sole question is whether an agreement has been alleged which is sufficiently definite and certain in its terms to be specifically enforced. The complaint alleges that on July 26, 1956, the parties entered into a contract whereby defendant agreed to sell to the plaintiff in fee simple and free from all encumbrance, for the sum of $6,000, as is evidenced by a written memorandum thereof, the following described real estate: Lots 14 and 15 in Block 5 in Frederick H. Bartlett's 8th Addition to Bartlett Highlands, a Subdivision of the East half of the East half of the South West quarter of Section 8, Township 38 North, Range 13 East of the 3rd Principal Meridian, in Cook County, Illinois. The written memorandum annexed to the complaint as an exhibit, reads as follows:

"July 26, 56
If lots 14 & 15 in Block I are not zoned for Printing, my money will be refunded. The deposit will be $50.00 on the selling price of $6,000. The down payment will be $2,000 and the balance in monthly payments.

(signed) Jos. Breznik"

It is further alleged that the plaintiff performed the conditions of the contract and entered into possession; that the defendant acknowledged the existence of a binding con-

tract by serving the plaintiff with a declaration of forfeiture thereof; and that plaintiff duly tendered the sum of $2,000.

To support his contention that the agreement is too uncertain and ambiguous for specific performance, defendant urges that it fails to sufficiently describe the property; that the provision for payment of the balance in monthly installments does not show the amount of the installments, the period over which they were to be paid, or the time when conveyance is to be made; and that there is nothing in the contract concerning the form of the deed or the nature of the title to be conveyed. In the view we take it is necessary to consider only the failure of the alleged contract to specify the terms of payment. As alleged in the complaint, and disclosed in the written memorandum, the agreement provides merely for a down payment of $2,000 "and the balance in monthly payments." The provision leaves undetermined the size and number of installments, as well as the period over which they are to extend, and obviously renders the contract too indefinite and uncertain to be specifically enforceable.

To entitle a party to specific performance the contract must be so certain and unambiguous in its terms and in all its parts that a court can require the specific thing contracted for to be done. (*Morey* v. *Hoffman*, 12 Ill.2d 125.) The manner or method of payment is an essential part of an agreement for the purchase of real estate, and the contract must specify not only the price but the terms and conditions of the sale. (*Morey* v. *Hoffman*, 12 Ill.2d 125; *Zakrzewski* v. *Fisher*, 278 Ill. 557.) Where there is ambiguity, doubt, or uncertainty with respect to its terms, equitable enforcement by specific performance will be denied. It is not sufficient, as a basis for such relief, to show the existence of an agreement of some kind between the parties. (33 I.L.P. 511, Specific Performance, sec. 32.) Thus we have repeatedly held that where the contract contemplates the giving of a mortgage for part of the purchase

price but is uncertain with reference to the due dates or other terms thereof, the purchaser will not be entitled to specific performance. (*Sweeting* v. *Campbell*, 8 Ill.2d 54; *Dayton Gables Development Co.* v. *Glen Flora Investment Co.* 345 Ill. 371, 398-399; *Olson* v. *Forsberg*, 332 Ill. 266.) This is true even though the purchaser is prepared to make payment in cash, since the contract provides for deferred payments and the court will not make a new contract for the parties. (*Sweeting* v. *Campbell*, 8 Ill.2d 54.) The contract alleged in the case at bar clearly fails to qualify under the foregoing rules. It is so indefinite and uncertain in its terms that the plaintiff was not entitled to specific performance.

To sustain the decree plaintiff argues that his taking of possession and tender of the $2,000 payment constitute sufficient part performance to take the contract out of the Statute of Frauds, and that together with defendant's declaration of forfeiture they show a contract existed between the parties. The argument does not meet the issue in this case. The sole question presented is whether the alleged contract is sufficiently definite and certain in its terms to entitle the plaintiff to equitable relief by specific performance. We hold that it is not.

The superior court erred in directing specific performance. The decree is reversed and the cause remanded.

*Reversed and remanded.*