LEONARD LENCIONI *et al.*, Plaintiffs-Appellants, *v.* WILPAULT BRILL *et al.*, Defendants-Appellees.

Second District   No. 75-314

Opinion filed July 20, 1977.—Rehearing denied August 19, 1977.

James F. Campion, of Wheaton, for appellants.

Michael Caldwell, of Caldwell, Berner & Caldwell, of Woodstock, for appellees.

Mr. JUSTICE NASH delivered the opinion of the court:

The plaintiffs, Leonard and Carole Lencioni, filed a complaint seeking specific performance of a contract to sell real estate. After a trial before the court, sitting without a jury, verdict was entered in favor of the defendants, Wilpault and Beatrice Brill, denying specific performance and dismissing the suit.

The issues to be considered on appeal are: (1) whether the court erred in denying defendants' motion for a change of venue; (2) whether the finding of the trial court in favor of defendants was contrary to the manifest weight of the evidence; and (3) whether the court erred in assessing attorney's fees against plaintiffs pursuant to section 41 of the Civil Practice Act. Ill. Rev. Stat. 1973, ch. 110, par. 41.

On November 2, 1972, plaintiffs as buyers and defendants as sellers

executed a written contract for the sale of approximately 10 acres of unimproved real estate in McHenry County, the terms of which required that $200 be paid at the time the contract was executed, $5600 at closing, which the parties estimated would take place February 15, 1973, and the balance in six annual installments of $2367 plus seven percent interest. The contract further provided that prior to closing defendants would furnish a "standard form mortgage" which plaintiffs would execute and return at closing. Defendants sent to plaintiffs a filled-in trust deed form containing the same terms as the written contract and an accompanying installment note referring to the mortgage between the parties. Plaintiffs rejected these forms as "not the proper instruments" under the contract. Defendant Wilpault Brill testified that he then sent a statutory form mortgage in blank to plaintiffs or their attorney which was misplaced. Plaintiff Leonard Lencioni testified he never received that form; he then obtained another statutory mortgage form from a stationer and sent it to defendants, together with a separate group of printed mortgage provision inserts. Plaintiffs introduced at trial an exhibit containing similar printed clauses, including a mortgage prepayment clause and a clause allowing mortgagor a "grace period" after a missed payment before default. Defendants declined to accept these provisions and on May 16, 1973, notified plaintiffs of their decision not to honor the contract, citing the delay occasioned by plaintiffs. Plaintiffs' suit for specific performance followed.

Plaintiffs first argue that the trial court erred in denying their motion for a change of venue which alleged prejudice of every judge of the nineteenth Judicial Circuit stating defendant Brill had served as mayor of Huntley, Illinois, and had considerable influence in the area. Although the petition was personally verified by plaintiffs, no other affidavits were attached. No individual judges were named in the petition and no facts or reasons were stated why any judge of the circuit was personally prejudiced other than the general statement regarding defendant's past service as mayor of Huntley.

The trial court offered plaintiffs' counsel the opportunity to amend the petition or to submit a memorandum to supplement his argument on the motion, but counsel declined to do so. The court then found the petition to be insufficient and it was denied.

■■■ The supreme court in *Chicago Park District v. Lyons* (1968), 39 Ill. 2d 584, 237 N.E.2d 519, *cert. denied* (1968), 393 U.S. 939, 21 L. Ed. 2d 276, 89 S. Ct. 294, held that a petition verified by defendant seeking disqualification of all Cook County judges which contained general allegations that the inhabitants of Cook County and the court were unduly influenced by major Chicago churches, was properly denied where it was unsupported by additional affidavits and alleged no

prejudice on the part of any specific judge. In a civil case, a petition which seeks a change of venue from a judge may be based upon a general allegation of the prejudice of that judge and will be granted as a matter of right if in proper form and presented in apt time (*Frede v. McDaniels* (1976), 37 Ill. App. 3d 1053, 347 N.E.2d 259), but a petition seeking a change from more than one judge must contain specific allegations to support the charges of prejudice against the judges. The petition may then be granted in the sound discretion of the trial court. (*Rosewood Corp. v. Transamerica Insurance Co.* (1974), 57 Ill. 2d 247, 254, 311 N.E.2d 673, 677.) The petition for change of venue here was properly denied.

Plaintiffs next contend they were entitled to specific performance of the contract for the sale of real estate. Under the evidence adduced at trial, the court found that while the parties had in their written agreement substantially set out the terms of the contract they had not agreed as to one substantial matter: the form and terms of the mortgage. Defendants first submitted a trust deed and note, apparently a form generally used in their community of Huntley, Illinois, and considered to be a standard mortgage form by defendants. At the request of plaintiffs, defendants then agreed to use a version of the statutory mortgage form. (Ill. Rev. Stat. 1973, ch. 30, par. 10.) Plaintiffs responded by sending to defendants a group of "boilerplate" provisions which the trial court found to be significant variations from the original terms of the contract. The court concluded that while the parties had agreed to what they called a standard form mortgage, they have different understandings of the terms of such a mortgage and the court cannot properly resolve such differences by supplying the disputed terms.

■■ To entitle a party to specific performance of a contract to sell real estate the contract must be so certain and unambiguous in its terms that a court can require specific performance. (*Cefalu v. Breznik* (1958), 15 Ill. 2d 168, 154 N.E.2d 237.) The supreme court stated in *Sweeting v. Campbell* (1956), 8 Ill. 2d 54, 57, 132 N.E.2d 523, 525:

" ' * * * Specific performance of a contract for the sale of real property will be refused when the provisions relating to the terms of a mortgage to be given in connection with the transaction are so uncertain or equivocal in their meaning that the intention of the parties in regard thereto cannot be determined. * * *' "

The court in *Threlkeld v. Inglett* (1919), 289 Ill. 90, 124 N.E. 368, a case factually similar to the case at bar, held that where the parties had agreed to a "form deed" but presented conflicting evidence of the provisions found in such a deed, the court could not require performance. In dicta, the court went on to state that while indefinite contracts are performed continually, the fact that one party refuses to perform although he might

have come to some agreement regarding the indefinite terms does not entitle a court to supply those terms and require him to perform. 289 Ill. 90, 98, 124 N.E. 368, 371.

■■ ■ The phrase "standard form mortgage" is not definitive and contemplates different terms to different persons. It clearly did not have the same meanings to the parties here. In order for the court to direct defendant to carry out the sale of the property it would need to first fix those mortgage provisions not agreed upon by the parties, such as whether or not the mortgagors have the right to prepay with or without penalty, the procedures to be followed in the event of a foreclosure, whether or not attorney's fees and other costs of the foreclosure proceedings would be assessed against mortgagors and whether mortgagors have a 30- or 60- or 90-day grace period before default or none at all. The court will not supply the terms of the contract and then order its performance. Under the evidence presented in the instant case, the trial court could not properly resolve these substantial disputed terms of the contract. We cannot say that its decision was clearly against the manifest weight of evidence.

Plaintiffs' final contention is that the trial court erred in its award of $100 attorney's fees to defendants. Plaintiffs filed a motion to vacate judgment which alleged that defendants' counsel "may have briefly discussed the case with the trial court out of the presence of the plaintiffs after the trial was concluded but before an opinion was filed" thereby influencing the decision of the court. A hearing was conducted at which counsel for defendant appeared. The court found the motion to be completely without foundation and to have been made in bad faith in an attempt to impugn the integrity of the court. It then denied the motion and awarded attorney's fees pursuant to section 41 of the Civil Practice Act. Ill. Rev. Stat. 1973, ch. 110, par. 41.

■■■ A litigant who pleads false or frivolous matters thereby causing another party to be put to some expense to defend against them may be penalized through the use of section 41. (*Manchester Insurance & Indemnity Co. v. Strom* (1970), 122 Ill. App. 2d 183, 258 N.E.2d 150.) Where there is a showing of bad faith on the part of the pleader, the allowance of attorney's fees is within the discretion of the court and will not be disturbed unless there is a clear showing such discretion was abused. (*Alswang v. Claybon* (1976), 40 Ill. App. 3d 147, 351 N.E.2d 285.) We find no abuse of discretion on the part of the trial court.

Accordingly, the judgment of the Circuit Court of McHenry County is affirmed.

Affirmed.

RECHENMACHER, P. J., and BOYLE, J., concur.