McCORMICK ROAD ASSOCIATES L.P. II, Plaintiff-Appellant, v. ARTHUR TAUB, as Ex'r of the Estate of Neil Coleman, *et al.*, Defendants-Appellees.

First District (6th Division) No. 1—94—2373

Opinion filed December 1, 1995.

Howard Harris, of Lincolnwood, for appellant.

James A. Flesch, of Gordon, Glickman & Flesch, of Chicago, for appellees.

PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, McCormick Road Associates L.P. II, brought this action seeking specific performance of an agreement dated November 21, 1991, entered into by Stephan Wolf, who subsequently named plaintiff as his nominee, and defendants Arthur Taub, as executor of the estate of Neil Coleman, Chicago Title & Trust Company, as trustee, Mona Coleman and Edward Axelrod. The named defendants include the trustee and the beneficiaries of the land trust.

The agreement provided that Wolf had the option to purchase an undivided one-half interest in certain property. Among other conditions, the agreement provided that he would obtain a mortgage to fund the purchase price. Pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1992)), defendants filed a motion to dismiss the complaint on the ground that the mortgage required by the agreement lacked essential terms and thus the agreement could not be specifically enforced. The trial court granted defendants' motion to dismiss and gave plaintiff leave to file an amended complaint. Thereafter, plaintiff filed a two-count amended complaint. Count I contained all of the allegations of the original complaint and added allegations that the written agreement was modified by a subsequent oral agreement providing all of the essential terms of the required mortgage. The trial court subsequently dismissed count I with prejudice. Plaintiff appeals. (The trial judge transferred count II to the law division, and that count is not involved in this appeal.)

Prior to November 1991, Stephan Wolf entered into a purchase agreement with Security Pacific Credit Corporation whereby Wolf agreed to purchase the Super Gap Shopping Center located in Lincolnwood, Illinois. (This is the property which is the subject of the written agreement herein.) On November 25, 1991, Wolf and Taub, as executor of Coleman's estate, entered into the written agreement whereby defendants acquired Wolf's interest in the contract with Security Pacific.

Four paragraphs of the written agreement are relevant to the

disposition of this appeal. Paragraph 5 provided that Wolf or his nominee acquired an option to purchase a one-half interest in the property within a defined time period. Paragraph 7 contained an acknowledgment and agreement by Taub that Wolf or his nominee would finance his exercise of the option by borrowing money from a third party and placing a first and prior first mortgage lien on the property; that is, plaintiff's and defendants' one-half interests, as collateral security for the loan. In addition, paragraph 7 provided that after the option was exercised, Wolf or his nominee would be entitled to receive one-half of the net operating income of the property and that Wolf would pledge said one-half income interest as additional collateral security for the aforesaid mortgage loan.

Paragraph 8 of the agreement provided that during the period between defendants' acquisition of the property and the effective date of notice from Wolf or his nominee in exercise of the option, Taub had the right to place a first mortgage on the property to secure a loan in the amount of the option price.

Thus, the option would be deemed to have been exercised, and Wolf or his nominee would become one-half owner and assume all obligations of the mortgage as though he himself had made the loan as provided for in paragraph 7.

Paragraph 9 provided that plaintiff shall perform certain personal services for Taub involving the property after the exercise of the option. These services included management, leasing and real estate brokerage.

As to the mortgage, the agreement did not contain any specifications regarding the mortgage amount, mortgage term, type of mortgage (fixed or variable rate), interest rate, amortization period of Wolf's loan or mortgage from the third party, the grace period, if any, the notice provisions, and default provisions.

Defendants subsequently became 100% owners of the property. Wolf designated plaintiff as his nominee. Plaintiff served written notice of its exercise of the option, whereupon defendants refused to participate in or authorize plaintiff to utilize the property as collateral for a loan negotiated by plaintiff.

Plaintiff filed its complaint for specific performance of the option, alleging that it had fully performed. After the trial judge dismissed its complaint, plaintiff filed an amended two-count complaint. Count I (the only count to be considered in this appeal) contained all of the allegations of the original complaint and added that the agreement was modified by an oral agreement which provided that the specifications for the third-party mortgage to be obtained pursuant to paragraph 7 of the agreement would include: (1) a defined term; (2)

interest at a fixed rate not to exceed six percentage points over prime; and (3) debt service which would not exceed one-half of the monthly net operating income of the property. The trial court again dismissed the complaint, holding that even considering the provisions of the alleged oral agreement, the "alleged contract is insufficiently specific to grant specific performance."

On appeal, plaintiff contends that the agreement contained sufficient information and details to support specific performance as between the parties and that the oral modification, in conjunction with the agreement, cured any defects in the complaint and created a proper basis for specific performance.

Initially, we note that defendants assert that plaintiff has waived its claim that the written agreement can be enforced, because the allegations contained in its original complaint were neither adopted by nor incorporated by reference into its amended complaint. Because we believe that the trial judge correctly dismissed the amended complaint, we do not discuss that issue.

■ To state a cause of action for specific performance, the plaintiff must allege and prove the following elements: (1) the existence of a valid, binding and enforceable contract; (2) the compliance by plaintiff with the terms of his contract or the fact that he is ready, willing and able to perform his part of the contract; and (3) the failure or refusal by the defendant to perform his part of the contract. (*Dixon v. City of Monticello* (1991), 223 Ill. App. 3d 549, 585 N.E.2d 609.) Before granting specific performance, a trial court must determine that the terms of the subject contract are clear, definite and unequivocal. (*Pionke v. Beitz* (1991), 211 Ill. App. 3d 656, 570 N.E.2d 570.) "[W]here a party seeks specific performance of a contract, the law requires a greater deal of specificity than is demanded for other purposes. Where the court would be left to order further negotiations and where the parties have yet to reach agreement on essential terms, specific performance is not available. Specific performance requires as a prerequisite a clear and precise understanding of the terms of the contract." *Cinman v. Reliance Federal Savings & Loan Association* (1987), 155 Ill. App. 3d 417, 423-24, 508 N.E.2d 239, 244.

■ We find that the agreement before us is too indefinite to be specifically enforced because the required mortgage lacks essential terms. Paragraph 7, the mortgage clause, is clearly an essential term, where the parties agreed that the property would be pledged as collateral to secure plaintiff's purchase money loan and no provision exists for an alternative method of financing the purchase price upon the exercise of the option by plaintiff. The mortgage clause fails to specify the mortgage amount, mortgage term, type of mortgage, inter-

est rate, amortization period, any grace period, notice provisions and default provisions. In *Sweeting v. Campbell* (1956), 8 Ill. 2d 54, 132 N.E.2d 523, our supreme court refused to specifically enforce a contract for the sale of real property where the terms of the mortgage required to finance the purchase price lacked the essential terms. The court stated:

> " 'Specific performance of a contract for the sale of real property will be refused when the provisions relating to the terms of a mortgage to be given in connection with the transaction are so uncertain or equivocal in their meaning that the intention of the parties in regard thereto cannot be determined. Failure to specify the amount of the mortgage has been held to render the contract too indefinite for specific performance, and in some cases the indefiniteness of the time for which the mortgage is to run has likewise rendered the contract unenforceable.' This court has held that where the amounts or maturities of the mortgages in such cases are uncertain or left to the future determination of the parties themselves, specific performance will be denied." *Sweeting v. Campbell*, 8 Ill. 2d at 57-58, 132 N.E.2d at 525, quoting 49 Am. Jur. *Terms of Payment* § 32, at 46 (1943).

Similarly in *Lencioni v. Brill* (1977), 50 Ill. App. 3d 802, 365 N.E.2d 1169, this court found that the contract between the parties was too indefinite to specifically enforce, where the contract provided that a "standard form mortgage" would be placed on the property. The *Lencioni* court held that the phrase did not specify in sufficient detail the material terms, and that it would not supply the terms of the contract and order its performance.

Here, as shown above, the mortgage contained in the agreement is less definite than the mortgages in *Sweeting* and *Lencioni*. Because defendants would retain ownership of a one-half interest in the property upon plaintiff's exercise of the option, the terms of the mortgage obtained by plaintiff are material to defendants, particularly where their interest would be encumbered by a mortgage lien as provided in the agreement. Such a mortgage would prevent defendants from mortgaging their own interest as well as hinder their ability to sell that interest.

Plaintiff argues, however, that assuming the agreement was deficient because the specifications of the third-party loan and mortgage were missing, the oral modification agreement set forth in count I of the amended complaint, in conjunction with the provisions of the written agreement, contains terms which are clear and unequivocal. The modification agreement thus cured any defects in the complaint and created a proper basis for specific performance.

We note initially that generally a contract which is partly writ-

ten and partly oral cannot be specifically enforced. (*Daytona Gables Development Co. v. Glen Flora Investment Co.* (1931), 345 Ill. 371, 178 N.E. 107.) Moreover, we hold that the trial court correctly held that the agreement, as modified by the alleged oral agreement, is still too indefinite to be specifically enforced. The alleged oral agreement contains three mortgage terms. The mortgage term is defined as being "not more than thirty years and not less than the standard term of commercial real estate mortgages being generally written in the Chicago metropolitan area." The second term in the alleged oral agreement provides that the interest rate was "not to exceed six percentage points above the prime rate of interest being charged within the Chicago metropolitan area." The third term is that the monthly payments of principal and interest of the subject mortgage "would not exceed one-half of the monthly net operating income of [the property] and that if the debt service exceeded said amount the excess involved would be the subject of a personal guaranty by Stephan Wolf to the mortgagee." We find that, even as modified, the agreement is too indefinite to specifically enforce.

Defendants also point out that the agreement cannot be specifically enforced because it requires the performance of substantial personal services by plaintiff. The trial judge did not reach that issue, and we decline to do so.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

EGAN and ZWICK, JJ., concur.