(No. 29027.—

JOSEPH F. REGAN *et al.*, Appellees, *vs.* MARY BERENT, Appellant.

*Opinion filed November 21, 1945—Rehearing denied Jan. 17, 1946.*

GRABLOWSKI & KANAK, and HARVEY L. CAVENDER, both of Chicago, for appellant.

RYAN & FLOOD, of Chicago, for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

Appellant, Mary Berent, was required by the decree of the circuit court of Cook county to specifically perform a written agreement to sell certain real estate to appellees, Joseph F. Regan and Alice E. Regan, his wife. The evidence shows that April 5, 1944, a written contract was entered into between the parties under which the appellant agreed to sell the real estate known as No. 5429 South Carpenter street, in Chicago, Illinois, to appellees for the sum of $9000; the conveyance to be made to appellees as joint tenants by good and sufficient warranty deed; $500 to be paid on the date of the signing of the contract, and the balance within five days after title to said premises shall be shown good, or accepted by appellees.

There was a mortgage on the premises of $4556, payable in monthly installments of sixty or more dollars each. May 22, 1944, appellant was notified appellees were ready, able and willing to consummate the contract and to complete the purchase, according to its terms, and that they would appear at the office of the real estate company at a given address, and be then and there ready and willing to pay the money due on account of the purchase price, and for closing the deal. Appellant did not appear in response to this notice.

The complaint charged the appellant was the owner of the property involved under the proper legal description, and that said premises were commonly known as No. 5429 South Carpenter street, Chicago, Illinois. The answer of the defendant admitted she was the owner of the property

described in the complaint, but denied she entered into a contract to sell to appellees. A decree was entered finding the plaintiffs were entitled to specific performance of the contract, and that appellant be required to convey the property in fee simple, by warranty deed, free from liens and encumbrances, as provided in the agreement, except current taxes, and deliver an owners'-title-guarantee policy of the Chicago Title and Trust Company, and that the appellant do and perform the things necessary to consummate the agreement, and to give the plaintiffs peaceable possession of the premises; and in case appellant failed or refused to execute and deliver the deed within thirty days, then a special commissioner make, execute and deliver the deed of conveyance. From this decree an appeal is taken directly to this court because a freehold is involved.

The appellant first contends there is no evidence showing the legal description of the property known as No. 5429 South Carpenter street. The complaint specifically alleges a legal description, and that the same is commonly known as No. 5429 South Carpenter street, and the defendant admits this allegation of the complaint in her answer. Here is a direct allegation of identity of legal description with a contract description, and admitted by the defendant. No higher form of proof could be adduced than to have a specific fact alleged in a complaint, and a direct admission thereof in the answer. Like descriptions of property, especially when identified in the pleadings, have been held sufficient in *Baker* v. *Puffer,* 299 Ill. 486, and *Macy* v. *Brown,* 326 Ill. 556.

Appellant also urges that equity cannot enforce specific performance of a contract for the sale of real estate where the seller's performance depends upon the consent or approval of a person not a party to the contract, and urges that the decree providing defendant shall deliver an owners'-title-guarantee policy of the Chicago Title and Trust Company violates this principle. Appellant fails to point out, or to even include in the abstract, one of the provisions

of the contract between the parties. This provision is "Within twenty days from the date hereof seller shall deliver to buyer, or his agent * * * as evidence of title covering date hereof, showing record title in seller (or grantor) one of the following: (1) Merchantable abstract; (2) Owner's Guarantee Policy of Chicago Title and Trust Company in the amounts of the purchase price or its customary preliminary report on title subject to the usual objections contained in such policies," etc. The decree of the court incorporated therein the exact provisions of the contract.

The appellant does not contend nor make any effort to show the Chicago Title and Trust Company will not or cannot issue its guarantee policy on the premises involved. The cases of *Burke* v. *Mierenfeld,* 300 Ill. 188, and *Hurlbut* v. *Kantzler,* 112 Ill. 482, have no application. The first was a case in which the defendant did not have legal title to the property and was only in possession under a contract to buy, and necessarily could not be compelled to warrant title to something in which he held only an equity. The *Hurlbut case* was an attempt to compel a lessee to assign a lease when the latter contained a covenant expressly forbidding an assignment. It is obvious neither of these cases has any application. Appellant had in her possession and left with the broker a preliminary guaranty report, which indicates ability to perform the conditions of the contract, and came within one of its provisions relating to guaranty of title. This provision of the contract was one appellant was able to perform, but likewise one appellees could waive. (*Forest Preserve Dist.* v. *Emerson,* 341 Ill. 442; *Olson* v. *Forsberg,* 332 Ill. 266.) Appellees made no objections requiring appellant to correct, and the latter is in no position to object to a title which is satisfactory to appellees.

Neither is appellant's contention that the property cannot be freed of the mortgage sustained by proof. The mortgage in question runs from December 20, 1940, and

is payable in monthly installments of sixty or more dollars each from said date. It would seem that upon any monthly date the appellant could pay the $60, or could pay whatever money was necessary to discharge the mortgage. If the mortgage is discharged by payment the only material objection the appellant claims could be made to the title, which would prevent obtaining a guarantee policy, is eliminated.

It is finally contended that a proper tender was not made, and that no money was brought into court. We have held so frequently that it would seem unnecessary to call attention to the numerous authorities, that a tender in equity does not require the production of money in court. In *Lewis* v. *McCreedy*, 378 Ill. 264, we held "that in actions for specific performance in equity the technical rules governing tender in actions at law are not applicable, and it is sufficient if the purchaser is ready and offers to pay any sums that may be due and unpaid under the contract. * * * Under such circumstances it is sufficient for the purchaser to show a willingness and ability to pay such amounts as may be found due upon an accounting." The mere fact that the money to pay for the property was to be obtained by mortgage does not establish that appellees were unable to pay the purchase price. *Kovacs* v. *Krol*, 385 Ill. 593.

The appellant urges other matters in argument but it is apparent from the entire record that a written contract was fairly entered into between the parties for the sale and conveyance of the property, and that appellant, for no reason apparent in the proof, refused to comply with her agreement.

There is no merit in her contentions on appeal, and the decree of the circuit court of Cook county is accordingly affirmed.

*Decree affirmed.*