Voss Truck Lines, Inc., and Harold Curtis, Plaintiffs-Appellees, v. Louis Pike, Trading as Pike Truck Lines, and Wilma Howard, Administrator of Estate of Erthel J. Howard, Deceased, Defendants. Louis Pike, Trading as Pike Truck Lines, Appellant.

Gen. No. 9,853.

Opinion filed June 16, 1953. Rehearing denied July 17, 1953. Released for publication July 17, 1953.

MAURICE W. KEPNER, and HAROLD WERNER, both of Springfield, for appellant; MAURICE W. KEPNER, of Springfield, of counsel.

GIFFIN, WINNING, LINDNER & NEWKIRK, of Springfield, JOSEPH H. TAYLOR, of Chicago, and ALBERT E.

SCHOENBECK, of St. Louis, Missouri, for appellees; ALFRED F. NEWKIRK, and JAMES M. WINNING, both of Springfield, of counsel.

MR. JUSTICE CARROLL delivered the opinion of the court.

Plaintiffs-appellees (hereinafter referred to as plaintiffs), Voss Truck Lines, Inc. and Harold Curtis, brought suit in the circuit court of Sangamon county against Louis Pike, d/b/a Pike Truck Lines and Wilma Howard, Administrator of the estate of Erthel J. Howard, deceased (hereinafter referred to as defendant), to recover for certain property damage resulting from a collision between the truck of defendant, Louis Pike, and a tractor-trailer unit owned by the plaintiffs. The accident occurred on U. S. Route 66 in McLean county.

The complaint, consisting of two counts, was filed August 10, 1948, and alleged Voss Truck Lines to be the owner of a trailer unit attached to a tractor owned by Harold Curtis and leased to Voss Truck Lines and operated by Albert Price; that the truck of defendant was owned by Louis Pike and operated by his servant and agent, Erthel Howard, who died and for whose estate an administrator was appointed. The complaint further charged Pike, through his agent and servant, Howard, with certain acts of negligence as the result of which a collision occurred, causing the damages claimed.

Answers to the complaint were filed by both defendants, and the defendant Pike filed counterclaims against both plaintiffs for property damage and the amounts for which he had become liable under the Workmen's Compensation Act to the widow of Erthel Howard, deceased. The counterclaims alleged Price to be the driver of the Curtis tractor, pulling the Voss trailer, as the agent and servant of Voss, and that the

counterdefendants were guilty of certain acts of negligence which caused the collision in question. Answers to the counterclaims were filed in which the agency of Price was admitted and the charge of negligence denied.

On April 14, 1950, the plaintiffs filed a verified motion which was denominated "Motion for Judgment," in which they moved the court to summarily enter a judgment of "not guilty" upon the counterclaims and to enter judgment upon the complaint in favor of plaintiffs and against the defendants in such amounts as the evidence might show them to be entitled.

This motion, after reciting the substance of the pleadings, alleged that on or about August 25, 1948, Albert L. Price, driver of the Voss-Curtis truck unit, filed suit in the circuit court of McLean county against Louis Pike, defendant herein, to recover for personal injuries sustained in the same collision which is the subject matter of the instant case; that in his complaint he charged the same negligence on the part of Erthel J. Howard as the agent of the said Louis Pike as is alleged in the complaint in the instant or Sangamon county suit; that Pike filed his answer in the McLean county suit admitting the agency relationship between himself and Howard and denying negligence on the part of his said agent and due care on the part of Price; that Pike filed a counterclaim against Price and also against Voss Truck Lines and Harold Curtis, who were made additional parties; that said counterclaim alleged Howard to be the agent of Pike and that Price was the agent of Voss Truck Lines, Inc.; that the counterdefendants, through the negligence of their agent, Price, caused the collision and resulting damages to counterplaintiff, and that recovery on the counterclaim was sought as against Price only. The motion further recited that the McLean county cause

was tried before a jury, resulting in a verdict for plaintiff therein and against Pike on January 17, 1950, upon which a final judgment was entered on March 17, 1950. The motion then argumentatively concludes that the only issues involved in the Sangamon county case are the due care and freedom from contributory negligence of Price and the negligence of Howard as the proximate cause of the collision, which issues have been determined adversely to defendant by a court of competent jurisdiction, and therefore said defendant is estopped in this suit from relitigating said issues. Attached to the motion is a transcript of parts of the record in the McLean county case, showing proceedings therein as alleged in said motion.

Upon a hearing the motion was allowed and judgment entered, finding the counterdefendants not guilty on the counterclaim and in favor of plaintiffs in "such amount as the evidence hereafter submitted may establish." Evidence as to damages was heard by the court, resulting in entry of final judgments for Voss Truck Lines, Inc. in the amount of $2,579.46 and for Harold Curtis in the amount of $2,100. From these judgments this appeal has been taken.

The defendant contends that the trial court erroneously applied the rule of estoppel by verdict in allowing the plaintiff's motion for judgment, and that the evidence did not warrant the allowance of damages to plaintiff, Voss Truck Lines, Inc., for loss of use of their trailer.

The principal points argued by defendant are that there are issues in the instant case which were not adjudicated in the McLean county case, and therefore the doctrine of *res judicata* is not applicable to the factual situation here presented, and that the manner in which the question of estoppel was raised is improper. Defendant points to the issues of contributory negligence of plaintiffs and the relationship of Price

to the plaintiffs as not being determined in the McLean county case.

The first question to be determined is whether the issues upon which the liability of the defendant in the Sangamon county case must be determined are the same as the controlling issues which were tried and decided adversely to the defendant in the McLean county case.

Consideration will first be given to that part of the case in which Voss Truck Lines, Inc. seeks recovery. The judgment in the McLean county case required a determination of the following: (1) That Price, the driver of the Voss-Curtis truck, was free from contributory negligence; (2) That Pike was guilty of the negligence charged against him.

These same issues are involved in the instant case. However, it is alleged in Count I of the complaint that Voss was in the exercise of due care and caution. Denial of this allegation by the defendant raised a material issue for determination. The question which naturally follows is as to whether this issue was tried and determined in the McLean county case. Plaintiffs argue that the only negligence with which Voss could be charged was that of the agent Price, and that a finding in the McLean county case that Price was in the exercise of due care was in effect a finding that Voss was also in the exercise of due care. In order for this argument to prevail, it must be assumed that Voss could not be guilty of any negligence except that chargeable to the servant and agent. In the McLean county suit, Price did not allege, nor was he required to prove that Voss was free from negligence. This being true, we can perceive no basis upon which Voss can maintain that its freedom from negligence in the instant case was established in the McLean county case. Plaintiff's argument overlooks the fact that in the McLean county case, there was no

534

attempt to hold Voss, the principal, responsible for the acts of its servant, Price.

■ The trial court, in allowing the motion for judgment, held that Pike was estopped by the verdict in the McLean county case from litigating the issue of the contributory negligence of Voss. The rule applied is a phase of the doctrine of *res judicata,* which is generally referred to as estoppel by verdict. It has been defined in *People v. Louisville & N. R. Co.,* 350 Ill. 274, in this language: "It is also the law that where a controlling fact or matter is in issue between the parties to a suit and is determined and decided by the judgment in such suit, and such fact or matter is again in issue between the same parties in a subsequent suit, the former adjudication, if properly presented and relied on, will be conclusive of the issue in the later suit whether the cause of action is the same in both suits or not. This is generally denominated estoppel by verdict. (*City of Chicago v. Partridge,* 248 Ill. 442.)" That this rule rests upon sound reasoning is apparent. A party having had his day in court and full opportunity to sustain his position on the issues of fact involved, and having failed to do so, should not be permitted to have a second trial upon the same issues to be proven by the same evidence. *Emery v. Fowler,* 39 Me. 326.

■ ■ While it is the general rule that estoppels must be mutual, there is a well recognized exception thereto in cases where liability rests upon derivative responsibility. Such cases arise where the relationship of principal and agent or master and servant exists and several different persons may be responsible for the acts of one. This rule has been followed in Illinois. *Anderson v. West Chicago St. R. Co.,* 200 Ill. 329; *Spitz v. BeMac Transport Co.,* 334 Ill. App. 508. There would seem to be no doubt that under the law as followed in Illinois, identity of parties or mutuality of estoppel is not always required. The controlling ques-

535

tion here, however, is whether the established exception to the general rule can be applied to the facts in the instant case.

■ As to the contributory negligence of Price, insofar as it is involved in the Sangamon county case, and the negligence of Pike, there would seem to be no question but that Voss is entitled to the benefit of an estoppel by verdict and the findings in the McLean county case are binding as between Voss and Pike.

■ When an attempt is made to apply the above rule of estoppel to the issue of the exercise of due care by Voss as raised in the instant case, it must fail unless it can be said that under such rule the McLean county judgment determined conclusively that Voss could be guilty of no negligence contributing to the accident aside from the acts or conduct of its servant. Can it be said that because a master is derivatively responsible for the negligence of its servant occurring within the scope of its employment, that therefore when such servant is acquitted of a charge of negligence by a judgment thereon that such acquittal is imputed to the benefit of the master who may plead it as conclusive affirmative proof of his own freedom from negligence? The authorities cited by plaintiff do not sustain such proposition. Reliance is placed upon the case of *Spitz v. BeMac Transport Co., supra.* The defendant in that case and two of its drivers were sued. A trial of the case was first had as to the defendant principal and one of the drivers, resulting in a not guilty verdict. The other defendant driver then moved for a judgment of not guilty, claiming the verdict and judgment in the previous trial was *res judicata* of the issues involved in the suit against him. It is noted that the motion was based solely on the doctrine of *respondeat superior* as applied to the defendant as an agent. The court, consistent with the decision in *Anderson v. West Chicago St. R. Co., supra,* held that the prior judgment

in favor of the principal was a bar to a subsequent action against the agent. In that case, the right of a principal as plaintiff to avail himself of a prior judgment in favor of his agent as being *res judicata* on the question of the principal's contributory negligence in a subsequent suit was not involved. In the *Anderson* case, *supra,* the defendant lessee of a street railway was sued for damages. On the trial, the defendant gave in evidence the record in a prior suit brought by the same plaintiff against the lessor railway company in which a verdict of not guilty had been returned. The court held that the lessor and lessee sustained the relation of principal and agent to each other, and that the judgment in the suit against the principal was *res judicata* in the suit against the agent. Its decision rested upon the principle therein enunciated that it was the agent's wrong which constituted the basis of the action against the principal and it having been determined in the prior suit that no actionable wrong had been committed by the agent, such finding was an absolute bar to the suit against the principal. This rule has been followed in numerous cases, but it is not applicable to the factual situation in the instant case. In *Bradbury v. Humphrey,* 162 Ill. App. 434, where a plaintiff sought to introduce the record of a judgment in a prior suit as *res judicata* on the issues of negligence of the defendant and want of contributory negligence of the plaintiff in a former suit, the court held that since the issues of negligence of the defendant and lack of contributory negligence of the plaintiff were the same in both suits, the record was competent evidence on those issues. Again it must be pointed out that the lack of contributory negligence on the part of Voss was not even involved in the action in McLean county.

From the authorities, it seems logical for this court to conclude that as to the issues of the contribu-

tory negligence of Price and the negligence of Voss, the judgment in the McLean county case was conclusive and is binding on Voss and Pike in the instant case. The McLean county judgment was not, however, conclusive in the instant suit on the question of the contributory negligence of the plaintiff Voss. It was competent as evidence insofar as it bore upon that question.

 Defendant makes a further contention that there is no authority in Illinois by rule of practice or under established precedent authorizing the application of estoppel by verdict in the manner pursued in this case. Insofar as this contention is directed towards the action of the trial court in entering judgment on plaintiff's motion, the views of this court as herein indicated obviate any necessity of passing thereon. Any argument of defendant that estoppel by verdict may not be used affirmatively as well as in defense cannot be sustained. The rule is to the contrary, as applied in *Hanna v. Read,* 102 Ill. 596; *Harding Co. v. Harding,* 352 Ill. 417; and *Murgic v. Ft. Dearborn Casualty Underwriters,* 245 Ill. App. 361, wherein the court said: "When some specific fact or question has been adjudicated and determined in a former suit, and the same fact or question is again put in issue in a subsequent suit between the same parties, its determination in the former suit, if properly presented and relied on, will be held conclusive upon the parties in the latter suit, without regard to whether the cause of action is the same in both suits or not. This is known as an estoppel by verdict, and is equally available to a plaintiff in support of his action, when the circumstances warrant it, as when offered by a defendant as a matter of defense." Another point urged by the defendant is that a master-servant relationship between Curtis and Price was neither alleged nor proved in the McLean county case, and therefore Curtis can-

not on any theory invoke an estoppel by reason of the McLean county judgment on the issue of his contributory negligence.

There seems to be no dispute as to the following: that Price was not the servant of Curtis at the time of the accident; that Curtis was the owner of the tractor driven by Price and which was leased to Voss; and that Price was the servant of Voss.

The defendant contends that since Price was adjudged to be free from negligence in the McLean county case, all of the controlling issues in the case of Curtis against Pike have been determined and that Curtis could not be held guilty of contributory negligence unless upon the theory that Price was negligent and his negligence imputable to Curtis.

■ It is obvious that the rule of *respondeat superior* does not apply as between Price and Curtis. This being true, the adjudication in the McLean county case that Price was free from negligence cannot be pleaded in the instant case as conclusive on the question of the negligence of Curtis. For the purpose of illustration, if it be assumed that Price was unsuccessful in his McLean county action, a finding in that case that Price was guilty of negligence would not be conclusive proof of the negligence of Curtis in an action brought by Curtis against Pike because the negligence of Price could not be imputed to Curtis.

■ The fact that there was a contractual relationship between Curtis and Voss seems immaterial so far as the relation of Curtis to Price is concerned. There would seem to be no basis for the argument that Curtis could not be guilty of negligence other than that consisting of something which Price did or failed to do. No court can anticipate what proof as to the negligence of Curtis might be offered on a trial. As a plaintiff, he must prove due care and lack thereof might

arise from facts and circumstances in evidence aside from any conduct of Price.

While plaintiffs urge that the relationship between Curtis and Voss was sufficiently close to enable Curtis to have the advantage of the estoppel, no authority to that effect is cited in their briefs.

In support of the contention that the McLean county judgment is conclusive against the defendant, in the instant case plaintiff cites the case of *Good Health Dairy Products Corp. of Rochester v. Emery,* 275 N. Y. 14, 9 N. E. (2d) 758. In that case the agent having obtained judgment in a prior suit, it was held in a subsequent action by the defendant in the prior suit against the agent and his principal that the prior judgment was *res judicata* on the question of negligence of the agent or his principal. There is nothing in this decision indicating that the court therein held that a principal in a subsequent action against a defendant who was found guilty of negligence in a prior action brought by the agent of said principal can, in said subsequent action, plead the judgment of his agent as conclusive proof of the said principal's freedom from contributory negligence.

Numerous other authorities are cited and discussed in plaintiff's brief, which are not applicable to the factual situation presented by the instant case. Since this cause must be reversed, it will be unnecessary to consider other specific errors which may have been assigned.

For the reasons indicated herein, this court has reached the conclusion that the motion of plaintiff for judgment on the pleadings should have been denied by the trial court.

The judgments of the circuit court of Sangamon county are reversed and the cause remanded to that court for trial on the merits.

*Reversed and remanded.*