MICHAEL SANTO, Plaintiff-Appellee, v. MILDRED SANTO *et al.,* Indiv. and as Co-Ex'rs of the Estate of Sam Santo, Deceased, Defendants-Appellants.

First District (5th Division)   No. 85—1901

Opinion filed August 22, 1986.—Rehearing denied September 30, 1986.

Robert E. Pfaff and Kristen E. Lehker, both of Jenner & Block, of Chicago, for appellants.

Jerome H. Torshen, Mark K. Schoenfield, and Leon M. Vainikos, all of Chicago (Jerome H. Torshen, Ltd., of counsel), for appellee.

JUSTICE MURRAY delivered the opinion of the court:

Defendants Mildred and Cynthia Santo, co-executors of the estate of Sam Santo, deceased, appeal from an order of the circuit court of Cook County granting specific performance of a buy-sell agreement between decedent and his brother, plaintiff Michael Santo. Defendants contend that the agreement was too ambiguous, vague and incomplete to be specifically enforced or, alternatively, that if it is to be enforced, it must be enforced as written and not as allegedly rewritten by the trial court, which supplied terms not contained in the agreement. For the reasons set forth below, we affirm in part, reverse in part and remand.

The undisputed facts disclose that plaintiff and decedent operated a business known as Printwear and each owned a 50% beneficial interest in a land trust pursuant to an agreement entered into by them in June 1973. Two parcels of property were listed in the agreement. One parcel was sold prior to Sam Santo's death and is not at issue here. The other parcel, which is the subject of this appeal, is located at 5400-5450 West 54th Street in Chicago. Under the agreement's terms, the death of one of the brothers entitles the survivor to purchase "the entire beneficial interest" of the other at the "original cost plus the cost of all improvements" or $332,393, as reflected in an exhibit attached to the agreement. In April 1980, the purchase price was updated and listed as $342,125.

In 1982, the brothers began to negotiate a new contract to replace the 1973 agreement. Pursuant to a draft drawn up in May 1982, the terms of the new contract were to remain the same as those contained in the 1973 agreement with the exception of a new term to determine the purchase price of the trust property based on current appraisals of the property. Neither this draft, nor the 1973 agreement, made any provision pertaining to a mortgage indebtedness on the property. Prior to the parties reaching an agreement on the proposed contract, Sam Santo died.

Thereafter, plaintiff Michael Santo and decedent's widow and co-

executor of his estate, defendant Mildred Santo, attempted to reach an agreement in furtherance of plaintiff's purchase of Sam Santo's beneficial interest in the property pursuant to the survival clause contained in both the 1973 agreement and the proposed 1982 contract. As a result of a failure to do so, plaintiff filed suit against defendants seeking specific performance of the 1973 agreement. In response, defendants filed a motion to strike the complaint and dismiss the action on the ground that the agreement was too ambiguous, vague and uncertain to be specifically enforced. The motion was denied, and the case was heard on the merits.

At trial, plaintiff introduced parol evidence, over defendants' objection, to the effect that the parties intended that any mortgage indebtedness on the property be deducted from the purchase price to be paid by the survivor, since neither wanted to make a profit from the other in connection with the terms of their agreement. Specifically, plaintiff's witness, the brothers' business attorney, testified that they had agreed that in the event of the death of one of them the decedent's estate was to receive an amount equal to the decedent's out-of-pocket costs which were to be computed by deduction of any mortgage loans from the purchase price equal to book value, with the total out-of-pocket costs divided in half since each brother owned a 50% beneficial interest in the land trust.

The trial court subsequently entered an order granting specific performance of the agreement and calculated the purchase price by deducting the balance of the mortgage of $173,469 from the 1980 valuation of $342,125 and dividing the balance of $168,656 by two, arriving at the sum of $84,328 to be paid by plaintiff to defendants for decedent's 50% beneficial interest in the land trust. This appeal followed.

Defendants first contend that the 1973 agreement is too ambiguous, vague and incomplete to be specifically enforced; the description of the property and the purchase price are ambiguous, and the absence of a provision concerning the mortgage on the property renders the agreement incomplete. Alternatively, defendants argue that if the agreement is enforceable, it should be enforced as written and not as allegedly rewritten by the trial court, which supplied terms not included by the parties. On the other hand, plaintiff contends that although the agreement contains ambiguous terms, those terms were properly clarified by parol evidence and, accordingly, the agreement is specifically enforceable.

■ To be specifically enforceable, a contract for the sale of land must contain in writing essential contract terms such as the names of

the vendor and vendee, a description of the property sufficient to identify it, the price, the terms and conditions of the sale and the signatures of the parties. (*Hanlon v. Hayes* (1949), 404 Ill. 362, 89 N.E.2d 51; *Inland Real Estate Corp. v. Christoph* (1981), 107 Ill. App. 3d 183, 437 N.E.2d 658.) The contract's terms must be so certain and unambiguous in all its parts that a court can require the specific thing contracted for to be done. (*Hux v. Raben* (1966), 74 Ill. App. 2d 214, 219 N.E.2d 770, *aff'd* (1967), 38 Ill. 2d 223, 230 N.E.2d 831.) Where the terms or provisions of a contract are ambiguous or where the writings are capable of more than one construction, parol evidence is admissible to explain or ascertain what the parties intended. (*Borg-Warner Corp. v. Anchor Co.* (1958), 16 Ill. 2d 234, 156 N.E.2d 513; *Chicago Investment Corp. v. Dolins* (1981), 93 Ill. App. 3d 971, 418 N.E.2d 59.) On the other hand, parol evidence may not be used to supply a missing term. (*Kendall v. Kendall* (1978), 71 Ill. 2d 374, 375 N.E.2d 1280.) Additionally, a court will not make a new contract for the parties; the contract must be enforced according to its terms or not at all. *Lencioni v. Brill* (1977), 50 Ill. App. 3d 802, 365 N.E.2d 1169.

■ In the instant case, defendants contend that the agreement's provision that the estate of the decedent shall sell "the entire beneficial interest" of decedent in the property to the survivor, pursuant to subparagraph (1) of the agreement, ambiguously describes the property because decedent's estate could not convey the entire (100%) beneficial interest since the estate held only 50% of it. Our review of the four corners of the agreement indicates no ambiguity concerning the term. The term in subparagraph (1) is preceded by language describing "the entire beneficial interest" as the *interest of the deceased party* in the property. The *entire beneficial interest of the deceased party* is in turn indicated by the initial language of the agreement that the parties "each own a fifty (50%) percent beneficial interest" in the property. In other words, it is clear from the agreement that the entire beneficial interest decedent's estate is to convey to plaintiff is 100% of decedent's 50% interest in the property.

Defendants further argue that the purchase price, "the original cost plus the cost of all improvements to December 31, 1972, as reflected \*\*\* in Exhibit A" attached to the agreement, is ambiguous. The only basis for this contention in defendants' appellate brief appears to be their reliance on plaintiff's and the trial court's " 'conclusion[,] \*\*\* deduced from other facts[,]' that the purchase price should be one-half of the amount stated in the contract." Alternatively, defendants argue the purchase price is not ambiguous. Plaintiff appears to argue, based

on the parol evidence presented at trial, that the purchase price is ambiguous because the term, "original cost," is an insufficient description of what the parties allegedly intended to be described as "50%" of the original cost, less the mortgage indebtedness.

█ Again, based on the four corners of the subject agreement, we simply find no ambiguity in the purchase price term. The agreement states that the purchase price is to be the original cost plus the cost of all improvements as reflected by the exhibit attached to the agreement indicating the value of the property, *i.e.*, $332,393 at that time and $342,125 as updated in 1980 and agreed upon by the parties. We find nothing in the agreement suggesting that the purchase price was intended to be one-half of $332,393/$342,125, less the mortgage indebtedness, nor can plaintiff support this contention except with parol evidence to the contrary. Where a written contract term is unambiguous, parol evidence is inadmissible to vary, alter or contradict it. (*Haas v. Cohen* (1973), 10 Ill. App. 3d 896, 898-99, 295 N.E.2d 28.) In light of our finding that the purchase price was unambiguous, we hold that the trial court erred in admitting parol evidence on this issue.

█ We also reject defendants' allegation that the omission of a provision indicating who was to assume payment of the mortgage on the property is fatal to the enforceability of the agreement, as well as plaintiff's contention that the question of whether the mortgage was to be deducted from the purchase price was ascertainable by parol evidence. Specifically, defendants argue that a provision relating to the mortgage is an essential term and, therefore, must be set out in the agreement. Defendants cite a number of cases for this proposition which are factually distinguishable from the situation here. Generally, those cases involved the acquisition of purchase money mortgages by potential purchasers, the assumption of a mortgage where reference had been made to the term in negotiating an agreement but it was ambiguous or it had been omitted from the agreement, or other singular situations also inapplicable here. In none of the cases cited is there a rule of law specifically stating that an existing mortgage on property to be sold is an essential term which must be provided for in a contract to sell land. Nor has our research revealed any cases so holding. Moreover, we note that in *Regan v. Berent* (1945), 392 Ill. 376, 64 N.E.2d 483, our supreme court rejected the appellant's contention that an outstanding mortgage on property she agreed to sell precluded the sale of the land because she allegedly would be unable to deliver an owners' title-guarantee policy as decreed in an order requiring she specifically perform her contract with the appellees. The court held that the outstanding mortgage was no defense to the

action for specific performance where the mortgage could be removed by a money payment by the appellant who was responsible for the mortgage.

In light of the above, we hold that the trial court in the instant case erred in admitting parol evidence on this issue in the absence of a provision in the agreement concerning the mortgage and in including the amount of the mortgage in calculating the purchase price to be paid to defendants by plaintiff. Discharge of the mortgage, in order to clear title before sale of the property, necessarily must be governed by the separate mortgage contract entered into by plaintiff's and defendants' decedent's defunct business, which was responsible for and had been making the mortgage payments, since no provision for payment of the mortgage was made in the 1973 agreement.

In conclusion, we hold that the trial court erred in admitting parol evidence on the agreement's terms at issue here and, as a result, rewrote the parties agreement. Accordingly, we affirm the trial court's order granting specific performance of the agreement, reverse as to its computation of the purchase price of $84,328, and remand the cause with directions that the court enter an order specifying the purchase price as $342,125, payable by plaintiff to defendants.

Affirmed in part; reversed in part; and remanded with directions.

LORENZ and PINCHAM, JJ., concur.