JANE TOEPPER, as Mother and Next Friend of Jason Toepper, a Minor, *et al.*, Plaintiffs-Appellants, v. RONALD ALBERT COOKER *et al.*, Defendants-Appellees.

Second District   No. 85—0686

Opinion filed December 5, 1986.

James H. Canel, of Chicago, for appellants.

Harold L. Jacobson, William C. Anderson III, and Hugh C. Griffin, all of Lord, Bissell & Brook, of Chicago, for appellees.

JUSTICE HOPF delivered the opinion of the court:

This suit represents the second attempt by plaintiffs, Jim and Jane Toepper, to recover for injuries sustained by their infant son, Jason. Defendants, Ronald Cooker and Pamela Smith, moved to dismiss the suit as *res judicata.* The trial court granted the motion, and

plaintiffs appeal, claiming that the instant case has as its basis a different set of operative facts than the prior suit.

Jason Toepper was born at McHenry Hospital on January 24, 1978. He was subsequently found to have sustained severe brain damage. His parents, as well as the First National Bank of Chicago as special administrator of the estate of Jason Toepper, filed suit against the hospital; Dr. G. Sherman Porter, chairman of the obstetrics department; Dr. Richard Adams, the doctor who delivered Jason; Ruth Miller Ramsey, the nurse who examined Mrs. Toepper the night of Jason's birth; and Lee Ulrich, another nurse who was on duty that night. That suit alleged that Mrs. Toepper went to McHenry Hospital at approximately 2:15 a.m. on January 24, 1978, thinking that she was in labor. She was examined by Ruth Ramsey, who determined that she was not in labor and sent her home. Ramsey did not consult a physician as required by hospital procedures.

The complaint alleged that the hospital and Dr. Porter were negligent in, *inter alia,* permitting a nurse to work in the obstetrics department who lacked adequate experience and training in that field and that supervisory nursing personnel were not discharging supervisory duties by permitting obstetrical nurses to deviate from established precheck procedures. These, as well as other alleged instances of negligence by the named defendants, were alleged to be the proximate cause of the brain damage sustained by Jason.

After plaintiffs rested their case, the court entered a directed verdict for Dr. Adams. At the close of all the evidence, the case as to the other defendants was sent to the jury. The jury, however, failed to reach a verdict and was discharged. The court then granted the remaining defendants' motions for directed verdict. This court affirmed on the ground that there was insufficient proof that any of the alleged instances of negligence were the proximate cause of Jason's injuries. *First National Bank v. Porter* (1983), 114 Ill. App. 3d 1, 448 N.E.2d 256.

Plaintiffs then filed the present suit against Ronald Cooker, McHenry Hospital's director of nursing services, and Pamela Smith, the supervising nurse in the obstetrical department. Paragraph 11 of the complaint alleges as follows:

> "The defendants, and each of them, were negligent, in one or more of the following regards:
>
> (a) Hired Ruth Ramsey when they knew or should have known that she lacked the requisite training and experience to provide obstetrical nursing care and was unqualified because of her deficient training and background to determine when a pa-

tient was in labor;

(b) Failed to provide Ruth Ramsey with additional training experience through an established program to qualify her to provide obstetrical nursing care prior to January 24, 1978;

(c) Knew, or should have known, that Ruth Ramsey was unqualified to provide nursing care to obstetrical patients in labor."

Defendants moved to dismiss based on *res judicata*. The trial court granted the motion, and plaintiffs appeal.

▉▉▉▉ The doctrine of *res judicata* provides that an adjudication upon the merits by a court of competent jurisdiction is conclusive as to the rights of the parties and those in privity with them and constitutes an absolute bar to subsequent action by them involving the same claim, demand, or cause of action. (*Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 122, 382 N.E.2d 1217.) In suits involving masters and servants, *res judicata* has special applicability. "Thus, the rule has evolved that a judgment for either the master or servant, arising out of an action predicated upon the alleged negligence of the servant, bars a subsequent suit against the other for the same claim of negligence where the agency relationship is not in question." (73 Ill. 2d 113, 122-23, 382 N.E.2d 1217.) This rule obtains even though defendants in the second suit were not parties to the first action and even though the master and servant are not technically in privity. (73 Ill. 2d 113, 123, 382 N.E.2d 1217.) When *res judicata* is properly raised, it is conclusive not only as to all questions actually decided, but also as to all questions which could have been litigated in the prior action. (*Neuberg v. Michael Reese Hospital & Medical Center* (1983), 118 Ill. App. 3d 93, 99, 454 N.E.2d 684.) It does not matter that different types of relief or different damages are sought, so long as a single group of operative facts gives rise to the successive assertions of relief. *Radosta v. Chrysler Corp.* (1982), 110 Ill. App. 3d 1066, 1069, 443 N.E.2d 670.

In the instant case, it is clear that the conduct with which defendants are charged is the same conduct which was alleged in *Porter* but not adequately proved to be the proximate cause of Jason's injuries. Plaintiff's own jury instructions in that case stated that the defendants, including McHenry Hospital, were negligent in that they:

"4. Operated an obstetrical unit when it knew, or should have known[,] that a nurse permitted to work in the department lacked adequate training in the performance of vaginal examinations to assess a patient thought to be in labor.

5. Knew or should have known that supervisory nursing

personnel were not discharging supervisory duties, and permitted obstetrical nurses to deviate from established written notification precheck procedures, for obstetrical patients thought to be in labor."

■ The complaint in the present case charges that defendants Cooker and Smith were negligent in hiring Nurse Ramsey and in failing to provide her sufficient training to perform her duties in the obstetrics department. Obviously, the same "group of operative facts" would be necessary to prove both allegations. McHenry Hospital is not a living entity. It is a corporation, which can act only through its agents. (*Freeport Journal-Standard Publishing Co. v. Frederic W. Ziv Co.* (1952), 345 Ill. App. 337, 350, 103 N.E.2d 153.) There is no question that Cooker and Smith are agents of McHenry Hospital. It follows that if McHenry Hospital was not negligent in permitting Nurse Ramsey to be on duty in the obstetrics department on January 24, 1978,—or if such negligence was not the cause of Jason Toepper's injuries—this finding would be *res judicata* as to whether or not the hospital's employees were guilty of the same negligence.

This appears to place the present case squarely within cases such as *Towns* and *Neuberg*. As the supreme court stated in *Towns*:

"The operative facts which comprise the alleged bases for liability of the master are identical to those which would prove the servant liable. ***. A judgment, therefore, adjudicating the master not liable, where a judgment to the contrary could have only resulted from a finding that the servant committed an actionable wrong against the plaintiff, is a judgment in legal effect that the servant is not liable." (*Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 124, 382 N.E.2d 1217.)

Nonetheless, plaintiffs attempt to distinguish *Towns* and *Neuberg* and cite their own cases in which *res judicata* was not applied. The cases cited by plaintiff, however, are inapposite. In *Voss Truck Lines v. Pike* (1953), 350 Ill. App. 528, 113 N.E.2d 202, although the truck driver, Pike, had been found in a previous action to have been in the exercise of due care, there was no finding that the truck's owner was not negligent. The owner could have been negligent in a manner not attributable to the agent, so *res judicata* was not appropriate. (350 Ill. App. 528, 534, 113 N.E.2d 202.) In *Fountas v. Breed* (1983), 118 Ill. App. 3d 669, 455 N.E.2d 200, the court held that the Wrongful Death Act (Ill. Rev. Stat. 1981, ch. 70, pars. 1, 2) created an entirely new and different cause of action and therefore dismissal of the decedent's survival action did not bar a subsequent suit under the Act. (*Fountas v. Breed* (1983), 118 Ill. App. 3d 669, 674-75, 445 N.E.2d

200.) In *Hays v. Louisiana Dock Co.* (1983), 117 Ill. App. 3d 512, 452 N.E.2d 1383, a barge operator had been found in a previous action to have been in the exercise of due care. In a subsequent suit against the barge's owner, however, the owner's motion for dismissal on the ground of *res judicata* failed to include affidavits to establish the nature of its relationship with the operator. Thus, the master-servant relationship could not be definitely established. The instant action does not allege that Cooker and Smith were negligent in a way not attributable to the hospital. Further, it is conceded that they are employees of the hospital.

Plaintiff argues further that the instant case cannot be based on the same group of operative facts as *Porter* because it relates to conduct occurring prior to January 24, 1978, and that a trial court order in *Porter* specifically excluded testimony relating to events occurring before that date. Plaintiffs have misconstrued the effect of that order. The order, granting defendants' motion *in limine*, permitted evidence of conduct occurring prior to January 24, 1978, as it related to events of that date. In fact, defendant Cooker was called as a witness by plaintiffs in *Porter* and questioned about the responsibilities of the obstetrical nurses and his own responsibility for the supervision of obstetrical nurses prior to January 24, 1978. Nurse Ramsey also testified as to her lack of training. *First National Bank v. Porter* (1983), 114 Ill. App. 3d 1, 3-4, 448 N.E.2d 256.

In summary, then, the conduct charged against defendants in the present case is the identical conduct which was found not to be the proximate cause of Jason Toepper's injuries in *Porter*. Therefore, the trial court was correct in granting defendants' motion to dismiss based on *res judicata*, and its judgment is affirmed.

Affirmed.

NASH, P.J., and UNVERZAGT, J., concur.