MILTON FURGATCH *et al.*, Plaintiffs and Intervening Defendants-Appellees, v. RICHARD S. BUTLER, Indiv. and as Beneficiary of Chicago Title and Trust Company, Land Trust No. 107905, Plaintiff-Appellant (The City of Chicago *et al.*, Defendants-Appellees).

First District (1st Division)  No. 1—86—1139

Opinion filed September 26, 1988.—Rehearing denied October 23, 1989.

Schain, Firsel, Brown & Burney, Ltd., of Chicago (Thomas R. Burney and J. Randolph Given, of counsel), for appellant.

Judson H. Miner, Corporation Counsel, of Chicago (Ruth M. Moscovitch and Maureen Jeannette Kelly, Assistant Corporation Counsel, of counsel), for appellees City of Chicago, Harold Washington, Terry M. Gabinski, and Lawrence Bloom.

Vedder, Price, Kaufman & Kammholz, of Chicago (Richard F. Zehnle and Kenneth D. Greisman, of counsel), for other appellees.

JUSTICE MANNING delivered the opinion of the court:

The plaintiff, Richard S. Butler, appeals from an order of the circuit court of Cook County entered pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—615), dismissing with prejudice his complaint for declaratory judgment upon a finding that it was insufficient at law. Specifically, the complaint sought a declaration that a zoning ordinance affecting a two-story building in which plaintiff owned a beneficial interest, and in which he operated an accounting business, was unconstitutional as it applied to his property. The complaint further sought to have defendants rezone the premises and enjoined from interfering with plaintiff's use thereof. The issues presented for review are whether the dismissal order was an abuse of discretion and whether plaintiff's complaint was barred by principles of *res judicata*.

On August 19, 1985, the plaintiff filed a complaint which alleged, *inter alia*, that on July 7, 1980, he acquired the beneficial interest in a two-story brick commercial building located at 1645 East 53rd Street in Chicago, Illinois. When plaintiff purchased the property, it was split-zoned with the northern (³⁄₄) portion of the building located in a B4-4 restricted service district and the southern (¹⁄₄) located in the more restrictive R-6 general residence district. Pursuant to article 5, section 5.1(2), of the Chicago Zoning Ordinance, the more restrictive R-6 classification governed the entire property.

On November 21, 1980, the Chicago zoning board of appeals granted plaintiff's petition for special use of his property as offices. Thereafter, on June 5, 1981, the Chicago department of inspectional services issued a permit authorizing plaintiff to partition the space into offices.

Plaintiff, under the name of 3R's Joint Venture, entered into a lease agreement with Ms. Orbie Cunningham on May 11, 1982, for the rental of the first floor of the premises to be used as a restaurant

with a service bar. After a substantial portion of the first-floor remodeling was completed, the department of inspectional services revoked the permit issued to the plaintiff because the remodeling was contrary to the plans. Subsequently, Ms. Cunningham applied to the City of Chicago zoning administrator for a permit to operate a restaurant with a service bar on the first floor of plaintiff's building. The application was denied because of the aforementioned split zoning. Cunningham filed an appeal on behalf of 3R's Joint Venture with the Chicago zoning board of appeals on December 15, 1982, which upheld the decision of the administrator. On March 1, 1985, the zoning board of appeals' decision was affirmed by the circuit court of Cook County.

On January 17, 1984, Cunningham filed a second appeal on behalf of 3R's Joint Venture from a decision of the administrator denying the use of the building for a restaurant with a service bar. This appeal was denied by the zoning board of appeals, and on March 1, 1985, that decision was affirmed by the circuit court of Cook County. Thereafter, Alderman Lawrence Bloom sponsored a resolution for a change in zoning of the property from a split zone to an R-6 residential district. Subsequently, plaintiff filed an application to rezone the property to a B4-4 restricted services district. On May 21, 1985, the Chicago council committee on zoning denied plaintiff's application and passed Alderman Bloom's resolution, which was ratified by the city council, changing the zoning to an R-6 general residence district.

Plaintiff contends that the property is located in a predominantly commercial area and that the subject property has not been used as a residence for over 35 years. He further contends that the rezoning of the property as an R-6 residential district was discriminatory, arbitrary, diminished the property value and was unconstitutional. Plaintiff requested that the premises be rezoned as a B4-4 restricted service district and that he be permitted to operate the premises under such zoning provision.

On March 1, 1985, prior to plaintiff having filed his complaint, various neighborhood residents (hereafter intervenors) filed an action seeking to enjoin plaintiff from operating a restaurant, bar, nightclub or place of amusement activities on the subject premises. The intervenors alleged, *inter alia*, that they were property owners who resided within 1,200 feet of the subject premises, which was the sole commercial structure on the block. The intervenors further contended that contrary to the zoning ordinance, plaintiff was operating a restaurant, night club or bar on the premises and that the intervenors would suffer severe and irreparable harm if plaintiff was not enjoined from operating the premises in its present use. On March 13, 1985, a prelimi-

nary injunction was entered enjoining plaintiff from using the property for a restaurant or bar.

On September 5, 1985, an agreed order was entered to consolidate the intervenors' complaint for injunctive relief with plaintiff's complaint for declaratory judgment. Thereafter, on October 7, 1985, the intervenors filed a motion to dismiss plaintiff's complaint pursuant to section 2—615 of the Code of Civil Procedure. The motion to dismiss alleged that when plaintiff acquired the premises it was zoned R-6 residential district. Therefore, plaintiff had constructive notice of the zoning provision. Moreover, plaintiff applied for and received approval from the zoning board of appeals to use the premises as offices.

The intervenors asserted that upon application of Alderman Bloom, the entire premises was rezoned R-6 residential district and that the rezoning had no effect on plaintiff's use of the property since the property was previously split-zoned B4-4 restricted service district and R-6 general residence district. Pursuant to article 5, section 5.1(2), of the Chicago Zoning Ordinance, the more restrictive R-6 zoning provisions governed the use of the property. The motion to dismiss further asserted that since the zoning change did not affect plaintiff's use of the premises, there is no justiciable controversy between plaintiff and defendants and the plaintiff has suffered no damage. The intervenors finally contend that zoning is not a function of the court. Therefore, the complaint should be dismissed with prejudice.

On October 9, 1985, defendants filed an appearance. After additional pleadings were filed by plaintiff and intervenors, the trial court heard arguments from counsel representing all parties on the motion to dismiss. Although the defendants failed to file an answer, they adopted the intervenors' motion and supported it by argument during the hearing. Subsequently, on January 10, 1986, the trial court entered a memorandum opinion and order which granted the intervenors' motion to dismiss plaintiff's complaint with prejudice.

The trial court reasoned that the plaintiff had constructive knowledge of the zoning provisions when he acquired the property and could not now complain about those provisions. Additionally, the zoning ordinance did not permit a nonconforming use of the subject property. The trial court further determined that plaintiff's complaint for declaratory relief was defective in that it failed to propose specific use for the property. Moreover, the court held that no justifiable controversy existed since the rezoning did not damage the plaintiff and that zoning was not a judicial function.

Subsequently, plaintiff filed a motion for reconsideration, modification or vacation of the dismissal orders and a motion for leave to file an amended complaint. After hearing argument the trial court denied plaintiff's motions.

Defendants contend that plaintiff's complaint challenging the zoning ordinance as unconstitutional as it applied to his property was barred by the doctrine of *res judicata.* Plaintiff further contends that the issue of *res judicata* cannot be raised for the first time on appeal. We disagree. It is well settled that although an appellant who fails to raise an issue before the trial court waives that issue on appeal, an appellee may raise any issue on appeal that is supported by the record. (*Louis Marsh, Inc. v. Pekin Insurance Co.* (1985), 140 Ill. App. 3d 1079, 1082, 491 N.E.2d 432; *Spencer v. Community Hospital* (1980), 87 Ill. App. 3d 214, 218, 408 N.E.2d 981.) Moreover, although the trial court did not base its decision on *res judicata,* a reviewing court is not required to accept the trial court's reasoning for its judgment (*Material Service Corp. v. Department of Revenue* (1983), 98 Ill. 2d 382, 387, 457 N.E.2d 9), and the trial court's judgment may be sustained by the reviewing court on any grounds supported by the record. *Estate of Johnson v. Condell Memorial Hospital* (1988), 119 Ill. 2d 496, 502, 520 N.E.2d 37; *Bell v. Louisville & Nashville R.R. Co.* (1985), 106 Ill. 2d 135, 148, 478 N.E.2d 384.

Since we have concluded that *res judicata* was properly raised, we must now determine whether plaintiff's complaint challenging the constitutionality of the zoning ordinance was barred by *res judicata.* The doctrine of *res judicata* was designed to protect litigants from the burden of retrying identical claims or causes of action, with the same parties or those in privity, and to enhance judicial economy by prohibiting repetitive litigation. *Blair v. Bartelmay* (1986), 151 Ill. App. 3d 17, 19, 502 N.E.2d 859; *People v. Bone* (1980), 82 Ill. 2d 282, 286, 412 N.E.2d 444.

*Res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction is conclusive as to the rights of the parties and those in privity with the parties and constitutes an absolute bar to any subsequent action involving the same claim, demand or cause of action. (*Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, 251, 461 N.E.2d 959; *Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 122, 382 N.E.2d 1217.) Moreover, when *res judicata* is established it is also conclusive to every matter which could have been offered to sustain or defeat the claim or demand. (*Housing Authority,* 101 Ill. 2d at 251-52.) *Res judicata* applies even if a different type of relief or damage is sought in the subsequent

action as long as the same set of operative facts gives rise to the successive assertions of relief. *Toepper v. Cooker* (1986), 150 Ill. App. 3d 206, 208, 501 N.E.2d 934; *Radosta v. Chrysler Corp.* (1982), 110 Ill. App. 3d 1066, 1069, 443 N.E.2d 670.

The judgment rendered by the circuit court in the prior litigation of Cunningham v. Zoning Board of Appeals was a final judgment. Furthermore, a privity relationship existed between plaintiff and Orbie Cunningham. A lease requires privity (*Davis v. Havana Mineral Wells, Inc.* (1977), 48 Ill. App. 3d 996, 999, 363 N.E.2d 856), and both privity of contract and privity of estate exist between a lessor and lessee. (*Springer v. DeWolf* (1901), 194 Ill. 218, 221, 62 N.E. 542.) In the instant case, on May 11, 1982, plaintiff, under the name of 3R's Joint Venture, entered into a lease agreement as the lessor with Orbie Cunningham as the lessee for the rental of the first floor of the premises to be used as a restaurant with a service bar.

The privity concept contemplates a successive or mutual relationship to the same property rights considered by the prior litigation. (*Metropolitan Life Insurance Co. v. Hansen* (1981), 102 Ill. App. 3d 354, 356, 430 N.E.2d 57; *Schafer v. Robillard* (1938), 370 Ill. 92, 100, 17 N.E.2d 963.) Orbie Cunningham on behalf of 3R's Joint Venture applied to the City of Chicago zoning administrator for a permit to use the property as a bar with live entertainment. The application was denied and Ms. Cunningham filed an appeal on behalf of 3R's Joint Venture, with the zoning board of appeals, which upheld the decision of the administrator. Thereafter, the circuit court of Cook County affirmed the zoning board of appeals decision.

Ms. Cunningham filed a second appeal on behalf of 3R's Joint Venture from the decision of the zoning administrator denying the use of the building for a restaurant with a service bar. The zoning board of appeals denied Ms. Cunningham's second appeal, and that denial was affirmed by the circuit court of Cook County.

Ms. Cunningham filed the aforementioned actions on behalf of the plaintiff, who operated a business under the name of 3R's Joint Venture. During the course of those actions, Ms. Cunningham could have amended her pleadings and challenged the constitutionality of the zoning ordinance as it applied to the subject property. Although the rezoning of the property from a split zone to an R-6 general residence district occurred subsequent to the filing of the complaints by Ms. Cunningham, the time frame in which the change in zoning became effective is of no consequence since the more restrictive R-6 general residence district classification governed the use of the entire property during both the Cunningham and Butler suits. Consequently, the

plaintiff is barred under the doctrine of *res judicata* from pursuing his constitutional claim since he does stand in the relationship of privity with Ms. Cunningham, who was a party to the prior action where the constitutional claim could have been raised.

■ *Res judicata* is also operable when the facts and relief sought in both the prior and subsequent actions are substantially the same. (*Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, 254, 461 N.E.2d 959; *Midlinsky v. Rubin* (1930), 341 Ill. 378, 385, 173 N.E. 368.) In determining whether both actions involve the same claim, demand or cause of action, the test is whether the facts are identical or whether the same evidence would sustain both actions. *Lester v. Arlington Heights Federal Savings & Loan Association* (1985), 130 Ill. App. 3d 233, 238, 274 N.E.2d 33; *Renner v. Greathouse* (1957), 12 Ill. App. 2d 338, 341, 139 N.E.2d 825.

■ In the instant case *res judicata* is applicable since both the Cunningham and Butler suits are based on the City of Chicago's refusal to permit the use of a restaurant and/or bar on the first floor of the subject property. Additionally, both actions concern whether the R-6 general residence district zoning classification was appropriately applied to the subject property. The lessee could have presented the identical evidence in the prior litigation that was presented by the plaintiff, such as the historical and existing use of the subject property and surrounding properties and the affect of the zoning ordinance on the public health and welfare, in order to raise a constitutional challenge to the zoning ordinance. We conclude that the same set of facts and evidence would sustain both suits and the relief sought, which would result in the use of the first floor of the building as a restaurant and/or bar, is substantially the same.

For the foregoing reasons, we conclude that the judgment entered in Cunningham v. Zoning Board of Appeals is *res judicata* and bars the plaintiff's subsequent action since the plaintiff's constitutional issue could have been raised in Ms. Cunningham's action due to the existence of a privity relationship and the same set of facts and evidence would sustain both suits. In light of our disposition of this case based on *res judicata*, it is not necessary to address the issue of whether the trial court's order of dismissal was an abuse of discretion. The judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

BUCKLEY and O'CONNOR, JJ., concur.