BARBARA JEAN LANDERS *et al.*, Plaintiffs-Appellants, v. DORIS M. ANDREWS FRONCZEK *et al.*, Defendants-Appellees.

First District (4th Division)   No. 87—2292

Opinion filed October 13, 1988.—Rehearing denied January 12, 1989.

JIGANTI, P.J., dissenting.

Whitcup & Arce, of Chicago (George D. Levy, of counsel), for appellants.

Joseph J. Kozlowski & Associates, of Willow Springs (Joseph J. Kozlowski, of counsel), for appellees.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiffs, Barbara Jean Landers and Thomas O. Landers, appeal from the order of the circuit court of Cook County that granted the motion to dismiss case No. 82—CH—7965 based on *res judicata* filed by defendants, Doris M. Andrews Fronczek, Gertrude M. Andrews Oscar, and the First National Bank of Evergreen Park, as trustee under trust agreement dated June 18, 1971, and known as trust No. 2288, a corporation, and Harry "Bus" Yourell, registrar of titles. The sole issue for our review is whether the action for specific performance is barred by the doctrine of *res judicata*.

We reverse and remand.

On November 9, 1982, Barbara Jean Landers, Thomas O. Landers, Lorraine Landers, and Albert T. Gusanders (the latter two plaintiffs are not parties to this appeal) filed their original complaint seeking correction of contract, accounting, and other relief against defendants (case No. 82—CH—9769). Plaintiffs alleged that the parties had entered into articles of agreement for a warranty deed dated May 19, 1975, for property located at 4521 West 102nd Place, Oak Lawn, Illinois. Plaintiffs claim defendants breached the agreement by the following acts: (1) retaining insurance proceeds for wind damage to the property; (2) modifying the beneficial interest in the subject land trust; (3) failing to deliver the Torrens certificate for the prop-

erty; and (4) failing to make a proper division of real estate taxes. Plaintiffs also claim that they are entitled to an accounting as to the principal, interest, and taxes paid to defendants. The prayer for relief requested that defendants be ordered to perform the above acts.

On March 16, 1983, plaintiffs filed an amended complaint consisting of four counts. Counts I, II, and III essentially repeated the same allegations as those stated in the original complaint. Count III also sought reformation of the installment agreement so as to allow plaintiffs to prepay all or part of the balance due under the contract. Count IV was an action at law for damages in the amount of $33, 594. In this count plaintiffs allege that they had obtained a mortgage to pay the balance due on the agreement, but because defendants failed to provide the required information to the lender, they were unable to secure the mortgage. As a result, there was an increase in the interest rate.

On August 2, 1984, Judge Hechinger entered an order granting plaintiffs the relief they requested. Plaintiffs, on November 1, 1984, were granted leave to file a motion for determination and accounting and a petition to have defendants comply with the order of August 2. Defendants were ordered to comply with the August 2 order within 14 days. Plaintiffs were ordered to file a motion for summary judgment on the accounting issue.

On December 17, 1984, an order was entered finding that the balance due on the installment contract was $37,000. Plaintiffs were given until March 1, 1985, to secure the mortgage. The order further stated that counts I, II, and III were dismissed with prejudice, and that the court would retain jurisdiction to enforce the order. Count IV was transferred to the law division.

On February 28, 1985, the parties appeared before Judge Anthony J. Scotillo in accordance with defendants' *pro se* motion. The motion sought a court order to close the case pursuant to the court order of December 17, 1984. The motion was stricken on the grounds that the court lacked subject matter jurisdiction.

On July 23, 1985, plaintiffs presented an "Emergency Petition for Order of Issuance of Deed" before Judge Hechinger. They alleged that defendants had failed to comply with the court's orders of August 2 and December 17, 1984. The judge stated that the court had lost jurisdiction over the case; therefore, it could not grant the relief requested.

On August 9, 1985, plaintiffs filed a complaint for specific performance, case No. 85—CH—7965. They allege that the contract provides for payment of the balance due on June 1, 1985, and that they

were ready, willing, and able to close the transaction, but defendants refused to issue the deed.

On October 1, 1985, case No. 82—CH—9769 was dismissed for want of prosecution. Plaintiffs' motion for summary judgment was denied on March 19, 1986.

On September 9, 1986, plaintiffs filed a motion in the chancery division seeking to consolidate case No. 82—CH—9769 and case No. 85—CH—7965. The motion was granted. On November 17, 1986, defendants filed an application for an immediate appeal pursuant to Supreme Court Rule 308 (107 Ill. 2d R. 308) and a petition for substitution of judges. On February 4, 1987, the court entered an order denying the motion to vacate the consolidation of the cases and denying the motion to certify the consolidation order for immediate appeal, in accordance with Rule 308. The order allowed the substitution of judges.

On July 13, 1987, the trial court granted defendants' motion to dismiss case No. 85—CH—7965 on the grounds that the complaint was barred by the doctrine of *res judicata*. This appeal followed.

Plaintiffs contend that *res judicata* is inapplicable to the instant case. They argue that the issue of specific performance was never before the court in the first action, since they were not entitled to a deed under the contract until June 1, 1985. Furthermore, plaintiffs claim that the present case contained two distinct causes of action: one for an accounting; the other for specific performance.

■■ ■ However, defendants contend that the remedy of specific performance was available in the first action. Contrary to plaintiffs' assertion, they argue that the August 2 and December 17 orders clearly showed that the issuance of the deed was in fact raised and passed upon by the court.

> "The doctrine of *res judicata* provides that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand, or cause of action." (*Rotogravure Service, Inc. v. R.W. Borrowdale Co.* (1979), 77 Ill. App. 3d 518, 524.)

The doctrine encompasses not only those causes of action that were actually decided in the original action, but also those claims which could have been decided in that suit. (*Rotogravure Service, Inc.*, 77 Ill. App. 3d at 524.) Additionally, "[t]wo claims are not necessarily the same cause of action merely because they arose out of the same general transaction or set of facts." (*Fountas v. Breed* (1983), 118 Ill.

App. 3d 669, 672.) For this reason, where there are two separate causes of action, the failure to raise both in the original action does not bar a subsequent suit on the second cause of action. (*Fountas,* 118 Ill. App. 3d at 673.) The applicable test to determine the identity of causes of action is whether they are based upon a common core of operative facts or whether the same evidence would sustain both actions. *Edwards v. City of Quincy* (1984), 124 Ill. App. 3d 1004, 1011.

■ Applying these principles to the present case, we find that the doctrine of *res judicata* is inapplicable as a bar to plaintiffs' specific performance suit. Plaintiffs' first cause of action sought correction of contract, accounting and other relief. Pursuant to this action on August 2, 1984, the court entered the following order:

"This matter coming on for pre-trial and in resolution of issues in Chancery, the Court orders:

1. That Fronczek & Oscar furnish plaintiffs with letter of direction to land trustee to (a) sign Articles of Agreement as titleholder; and (b) deliver original Certificate of Title to Carl L. Klein, with signed Articles of Agreement to register same at plaintiffs' expense.

2. That the Articles of Agreement be amended on its face with the following words: 'Lorraine Landers may at any time pay the balance due on the contract with her own borrowed funds.'

3. That Tax Division on the property be filed within 30 days.

4. Plaintiffs to furnish letter of direction signed by Lorraine Landers to have property conveyed to all 5 plaintiffs in joint tenancy at time of conveyance when, as and if such conveyance shall be made.

5. Defendants to file answer and/or objections to plaintiffs' preferred accounting statement within 21 days."

On the accounting claim, plaintiffs filed a motion for summary judgment. After hearing the motion on December 17, 1984, the court entered the following order:

"This matter coming on to be heard on plaintiffs' motion for summary judgment and the Court having heard from plaintiffs' counsel, and from Lawrence Oscar, son of Gertrude M. Oscar:

The Court Orders:

1. That the balance due on the Fronczek-Oscar Installment Agreement to Landers dated 5/19/75 is $37,000.00 as of this date.

2. That plaintiffs are given until March 1, 1985 to secure mortgage to pay said $37,000.00. Payments of $340.00 to continue on as per contract.

3. That defendants deliver to Carl L. Klein the Certificates of Title to the property within 10 days so as to enable plaintiffs to secure their mortgage; and for no other recording processes. If no mortgage [is] secured, these Certificates [are] to be returned to First National Bank of Evergreen Park on March 1, 1985.

4. Defendants to make Division of Taxes within 14 days."

It is clear from plaintiffs' complaint and the orders rendered by the court that the issue of specific performance was not before the court. As a matter of fact, it would have been premature for plaintiffs to seek specific performance since they had not secured a mortgage to pay the balance due under the contract. In essence, during the original action plaintiffs were not entitled to a deed because they were not ready, willing, and able to perform pursuant to the contract terms. The primary purpose of the first action was to ascertain plaintiffs' rights and obligations under the contract.

■ More important, the same evidence would not sustain a cause of action for an accounting and a cause of action for specific performance. In order to sustain an action for an accounting in equity, the complaint must establish that there is no adequate remedy at law and one of the following: "(1) a breach of a fiduciary relationship between the parties; (2) a need for discovery; (3) fraud; or (4) the existence of mutual accounts which are of a complex nature. [Citations.]" *People ex rel. Hartigan v. Candy Club* (1986), 149 Ill. App. 3d 498, 500-01.

To sustain a cause of action for specific performance, the complaint must also show that there is no adequate remedy at law. Additionally, the complaint must demonstrate that the contract contains in writing essential contract terms, such as: name and signatures of the parties; description of the property sufficient to identify it; the price; and the terms and conditions of the sale. These terms shall be set forth in a certain and unambiguous manner wherefore a court can order the specific matter to be done. *Santo v. Santo* (1986), 146 Ill. App. 3d 774, 777.

In light of the above, we find that the two causes of action are not based upon a common core of operative facts. Clearly, one cannot engage in the same evidentiary analysis to sustain both actions. Accordingly, the action for specific performance is not barred by the doctrine of *res judicata*. We reverse the trial court's order dismissing

plaintiffs' complaint in case No. 85—CH—7965 and remand the cause for trial on the merits.

For the foregoing reasons, we reverse and remand the judgment of the circuit court of Cook County.

Reversed and remanded.

McMORROW, J., concurs.

PRESIDING JUSTICE JIGANTI, dissenting:

Respectfully, I dissent from the majority opinion. When *res judicata* is established, it is conclusive as to every matter which was or could have been offered to sustain or defeat the claim or demand. (*Housing Authority for La Salle County v. YMCA* (1984), 101 Ill. 2d 246, 251, 461 N.E.2d 959; *Furgatch v. Butler* (1988), 188 Ill. App. 3d 1060.) It applies even if a different type of relief for damages is sought in the subsequent action as long as the same set of operative facts gives rise to successive assertions of relief. (*Toepper v. Cooker* (1986), 150 Ill. App. 3d 206, 208, 501 N.E.2d 934.) The trial judge found that the instant cause involved the "exact same relief sought for the exact same parties on the exact same fact situations" which availed in the previous case. An examination of the facts in this case bears out the trial judge's finding of *res judicata*.

In the previous lawsuit on December 17, 1984, the trial court entered an order finding the balance due under the contract and gave the plaintiffs time to procure a mortgage. The complaint in the present lawsuit asserts that based on the December 17, 1984, order, the plaintiffs in fact made arrangements for a mortgage to pay off the balance but the defendants failed to comply. Both lawsuits seek conveyance of the property under the same operative facts.

I would affirm the judgment of the trial court.